PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name:  Mohammed-Bey                    Jihad

          LAST                    FIRST                    MIDDLE INITIAL

Prisoner Number:  E-16707

Institutional Address:  San Quentin State Prison - San Quentin, CA 94974

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIHAD MOHAMMED-BEY

    )
    )  **CV 18 5448**
    )
    )  Case Number: _____
    )  (Provided by the Clerk upon filing)
    )

Petitioner,

    )
    )
    )  PETITION FOR A WRIT

vs.

    )  OF HABEAS CORPUS

RONALD DAVIS, Warden

    )
    )
    )

Respondent(s).

    )
    )
    )

I.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

    A.  What sentence are you challenging in this petition?

        1.  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

        2.  Court  Superior Court County of San Francisco

        3.  Location  San Francisco California

        4.  Case number, if known  SCN 19631 and 2208515

        5.  Date and terms of sentence  July 31, 2006

        6.  Are you now in custody serving this term? ("In custody" means in jail, on parole or probation, etc.) ................................................................. (YES)   NO

If yes, provide name and address of institution:

San Quentin State Prison

_____

B. <u>For what crime were you given this sentence?</u>

*Note:* If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers, if known. If you are challenging more than one sentence, you should file a different petition for each sentence.

_____

_____

_____

C. <u>Did you have any of the following proceedings?</u>

Arraignment: ................................................................YES ☒   NO ☐

Preliminary Hearing:......................................................YES ☒   NO ☐

Motion to Suppress: ......................................................YES ☒   NO ☐

D. <u>How did you plead?</u> ................................Guilty ☐   Not Guilty ☒   Nolo Contendere ☐

Any other plea (specify) _____

E. If you went to trial, what kind of trial did you have?

Jury ☒   Judge alone ☐   Judge alone on a transcript ☐

F. <u>Did you testify at your trial?</u> ....................................YES ☐   NO ☒

G. <u>Did you have an attorney at the following proceedings:</u>

   1. Arraignment ..........................................................YES ☒   NO ☐

   2. Preliminary hearing................................................YES ☒   NO ☐

   3. Time of plea .........................................................YES ☒   NO ☐

   4. Trial....................................................................YES ☒   NO ☐

   5. Sentencing............................................................YES ☒   NO ☐

   6. Appeal ................................................................YES ☒   NO ☐

   7. Other post-conviction proceeding.............................YES ☐   NO ☒

H. <u>Did you appeal your conviction?</u> ...............................YES ☒   NO ☐

   1. If you appealed, to what court(s) did you appeal?

2.

*Petition for a writ of Habeas Corpus*

1   Court of Appeal.............................................................. YES ☒ Year: _2007_  NO ☐

2   Result: _____ Judgment Affirmed

3   Supreme Court of California......................................... YES ☒ Year: _2007_  NO ☐

4   Result: _____ Review Denied

5   Any other court ............................................................ YES ☐ Year:_____  NO ☐

6   Result: _____

7   2. If you appealed, were the grounds the same as those that you are raising in this

8   petition?........................................................................... YES ☐  NO ☒

9   3. Did the court issue an opinion?......................................... YES ☐  NO ☒

10   4. Did you seek permission to file a late appeal under Rule 31(a)?........ YES ☐  NO ☒

11   If you did, give the name of the court and the result: _____

12   _____

13   I.  Other than appeals, have you previously filed any petitions, applications or motions with

14   respect to this conviction in any court, state or federal?........................... YES ☒  NO ☐

15   *Note:* If you previously filed a petition for a writ of habeas corpus in federal court challenging the
same conviction you are challenging now and if that petition was denied or dismissed with
16   prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit
for an order authorizing the district court to consider this petition. You may not file a second or
17   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.
18   28 USC § 2244(b).

19   If you sought relief in any proceeding other than an appeal, answer the following

20   questions for each proceeding. Attach extra paper if you need more space.

21   1. Name of court: _____ Superior Court County of San Francisco

22   Type of proceeding: _____ Habeas Corpus

23   Grounds raised (be brief but specific):

24   a. ____ Same grounds raised in this petition

25   b. _____

26   c. _____

27   d. _____

28   Result: _____ Petition Denied _____ Date of result: _7-25-17_

2. Name of court: _____ Court of Appeal First Appellate District

Type of proceeding: _____ Habeas Corpus

Grounds raised (be brief but specific):

a. ___ Same grounds raised in this petition

b. _____

c. _____

d. _____

Result: ___ Petition Denied ___ Date of result: 9-28-17

3. Name of court: ___ Supreme Court

Type of proceeding: ___ Habeas Corpus

Grounds raised (be brief but specific):

a. ___ Same grounds raised in this petition

b. _____

c. _____

d. _____

Result: ___ Petition Denied ___ Date of result: 4-25-18

4. Name of court: _____ N/A

Type of proceeding: _____

Grounds raised (be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____ Date of result: _____

J. Is any petition, appeal or other post-conviction proceeding now pending in any court?

......................................................................YES ☐  NO ☐

Name and location of court: _____

_____

·4·

*Petition for a writ of Habeas Corpus*

II.    GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

*Note:* You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 USC § 2244(b); *McCleskey v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: TO MAKE A DISPUTED DETERMINATION THAT PETITIONER'S PRIOR 1981, 1988 AND 1989 CONVICTION QUALIFIED AS A "STRIKE" INCREASE SENTENCE IN VIOLATION OF THE SIXTH AMENDMENT PURSUANT TO DECAMPS V. UNITED STATES (2013) 570 U.S. 135, 2276, 2288; APPRENDI V. NEW JERSEY (2000) 530 U.S. 966, 490

THE SENTENCING COURT IMPROPERLY RELIED ON THE RECORD OF CONVICTION

**Supporting facts:**  Petitioner  contends  that  he  suffers  an  illegal restraint  of  his  liberty  in  that  his  continued  imprisonment  is unlawful  and  in  contravention  of  the  rights  guaranteed  him  by  the

Claim Two: _____ N/A _____ **(CONTINUE)**

_____

Supporting facts: _____ N/A _____

_____

_____

_____

Claim Three: _____ N/A _____

_____

Supporting facts: _____ N/A _____

_____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:_____ N/A _____

_____

*Petition for a writ of Habeas Corpus*                    5.

Fifth, Sixth and Fourteenth Amendments to the California Constitution  because
Petitioner was denied due process of law by the application of the Three
Strikes law which now changes the legal consequences of his 1981, 1988 and
1989 conviction.

## I N C O R P O R A T I O N

Petitioner hereby incorporates by reference as specifically set forth
herein the attached Exhibits in support of the Petition for Writ of Habeas
Corpus.

## B A C K G R O U N D

The Superior Court found in 1981, via a plea bargain agreement that
Petitioner had committed second degree robbery.  In 1988 the Superior Court
found Petitioner to had committed another second degree robbery via a plea
bargain agreement and again in 1989, however, the Superior Court in the
present case only relied upon the information and complaint to determine
the actual facts and sentenced Petitioner under the Three Strikes law.
Presently Petitioner's sentences is 75 years to life with an additional
21 years of enhancements.

After Petitioner read **People v. Saez** (2015) DJDAR 6596, in the June
22, 2015, issue of Daily Journal were the following issues in this petition
was discovered.

### HABEAS CORPUS IS THE PROPER VEHICLE FOR PETITIONER'S CLAIM

According to the California Supreme Court an **"unauthorized sentence"**
is cognizable on habeas corpus.  See **People v. Scott** (1994) 9 Cal. 4th 331,
354, 36 Cal. Rptr. 2d 627, 885 P. 2d 1040; **In re Harris** (1993) 5 Cal. 4th
813, 838-81, 21 Cal. Rptr. 2d 373, 855 P. 2d 391.

The California Supreme Court held that a defendant could not be expected
to raise at the time of his conviction points of law which had not yet been
pronounced.  **In re Caffey** (1968) 66 Cal. 2d 767, 775, 69 Cal. Rptr. 93,
441 P. 2d 933.  In addition, the California Supreme Court held that if any
findings disclose that the sentencing court considered an invalid prior
conviction in fixing the original sentence, the curt bears the obligation
of re-sentencing.  **In re Huddleston** (1969) 71 Cal. 2d 1031, 1033, 80 Cal.
Rptr. 595, 458 P. 507; **In re Cortez** (1971) 6 Cal. 3d 76, 98 Cal. Rptr. 307
(granting relief based upon a change in the law).  thus, because **People
v. Saez,** (2015) DJDAR 6896 clarified that the sentencing court could not
make a **'disputed determination'** that petitioners prior 1983/1988 conviction

6.

qualified a 'strike' showing petitioner's sentence is unauthorized, then he is entitled to habeas relief.  See **People v. Houck** (1997) 61 Cal. Rptr. 2d 650, 654 (where the Court may have been influenced by erroneous understanding of the scope of its sentencing powers, defendant's may seek and obtain, reconsideration of sentence imposed.  Petitioner has never filed a Ramero motion to strike the priors in spite of the Sentencing Court acknowledging Ramero from trial counsel's motion to strike the priors on the Judge's discretion.  See attached exhibit.  Specifically, Petitioner never admitted personally inflicting great bodily injury, force, fear, and/or permanently depriving anyone of their property.  Petitioner did not stipulate to the facts in the criminal complaint nor did the jury or court for the factual basis of the conviction.

### THE TRIAL COURT'S RELIANCE ON THE 1981, 1988 AND 1989 RECORD OF CONVICTION PURSUANT TO THE SIXTH AMENDMENT UNDER THE PRINCIPLES RECOGNIZED IN DESCAMPS

The Sixth Amendment confers a constitutional right on defendants to have a jury determine "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximums" (**Apprendi v. New Jersey** (2000) 530 U.S. 466, 490 (Apprendi).  Petitioner contends that this right was violated when the trial court relied on the record of the 1981, 1988 and 1989 robberies, specifically the information and abstract of judgment in finding that his convictions were strikes.  See **Exhibit "A" hereto attached.**

For years trial courts in California have been allowed to determine whether a prior conviction qualifies as a strike by looking to the "entire record of conviction".  **People v. Reed**, 13 Cal. 4th at 226;  **People v. Guerrero** (1988) 44 Cal. 3d 343, 355.  But in **Descamps, supra**, 133 S. Ct. 2276, the United States Supreme Court pointed out the constitutional problems in doing

7.

so.

**Apprendi, supra,** 530 U.S. 466 held that the Sixth and Fourteenth Amendments require any fact "[o]ther than the fact of a prior conviction," that increases a penalty for a state crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt. (Id. at pp. 476, 488-490.) The exception for the fact of a prior conviction was based on **Almendarez-Torres v. United States,** (1998) 523 U.S. 224 Torres), in which the high court approved the increase of a defendants sentence based on prior conviction where those convictions were not alleged in the indictment but "the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that [the defendant] did not challenge the accuracy of that 'fact' in his case, mitigating the due process and Sixth Amendment concerns other wise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range." (Apprendi, at p. 488). Although noting that it was 'arguable that Almendarez-Torres was incorrectly decided," the court declined to "revisit it .. [and decided] to treat the case as a narrow exception to the general rule it announced." (Apprendi, at p. 489-490).

The next major decision in support of Petitioner's contention is **Shepard v. United States** (2005) 544 U.S. 13 (Shepard), which involved sentencing under the Armed Career Criminal Act (ACCA), a federal statute that, like California Three Strikes Law, allows the use of a prior conviction to enhance sentences. [1] (18 U.S.C. §924, subd.(e)). At issue was whether the defendants prior conviction of burglary in Massachusetts after a guilty plea was for a "violent felony" under the ACCA, which "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle", (Shepard at pp. 15-16). The Massachusetts burglary statute

**8.**

under which defendant was convicted included boats and cars (Id. at p. 17), and the record of convictions was silent on the factual basis for the plea, "there being no plea agreement or recorded colloguy in which [the defendant] admitted the generic fact" of committing burglary in a building or enclosed space (Id. at p. 25 (plur. opn. of Shater, J.).) The government urged that the sentencing court should be permitted to rely on "reports submitted by the police with applications for issuance of the complaints" to find that the defendant had pleaded guilty to generic burglary. (Id. at p. 17.)

The United States Supreme Court rejected the governments position, holding that under the ACCA a sentencing court is "generally limited to examining the statutory definition, charging documents, written plea agreement, transcript of plea colloquy and any explicit factual finding by the trial judge to which the defendant assented." (**Shepard, supra**, 544 U.S. t p. 16.) Characterizing the issue as one "of statutory interpretation the court found no reason to upset in **Taylor v. United States** (1990) 495 U.S. 575. (Shepard at p. 23.) In **Taylor, supra**, the high court held that the ACCA generally prohibits the [sentencing] court from delving into particular facts disclosed by the record of conviction thus leaving the court normally to "look only to the fact of conviction and the statute definition of the prior offense" but it "recognized an exception to this" categorical approach' only for 'a narrow range of cases where a jury [in a State with a broader definition of burglary] was actually required to find all the elements of the generic offense" because 'the indictment or information and jury instructions show[ed] that the defendant was charged only with a burglary of a building, and the jury necessarily had to find an entry of a building to convict...'" (Shepard at p. 17, quoting Taylor, at p. 602.)

In Part III of Shepard, a four justice plurality expressed the view that

9.

Sixth Amendment jurisprudence "provide[d] a further reason to adhere to the demanding requirement that any sentence under the ACCA rest on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to generic burglary" (**Shepard, supra**, 544 U.S. at p. 24 (plur opn. of Stouter J.)) The plurality rejected the suggestion that it would be permissible in the case of a prior plea to "make a disputed finding of fact about what the defendant and state judge must have understood as the factual basis of "that plea, which would" rais[e] the concern underlying [**People**] **v. Jones** (1999) 526 U.S. 227 and **Apprendi, supra**, 530 U.S. 466: The Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State and they guarantee a jury's finding on any disputed fact essential to increase the ceiling of a potential sentence, while the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record and too much like the findings subject to **Jones, supra**, and **Apprendi, supra**, to say that **Almendarez-Torres, supra**, 523 U.S. 224 clearly authorizes a judge to resolve the dispute, (Shepard, at p. 25 (plur. opn. of Stouter J.). While the plurality did not conclusively determine that such factfinding would violate the Sixth Amendment, it stated that [t]he rule of reading statutes to avoid serious risks of unconstitutionality supported its determination that the ACCA did not permit such a procedure [Id. at pp. 25-26 (plur. opn. of Stouter J.) Writing separately, Justice Thomas concurred in the judgment on the basis that Apprendi would preclude the sentencing court from any factfinding whatsoever. (Id. at p. 28 conc. opn. of Thomas J.)

A year after **Shepard, supra**, 544 U.S. 13, the California Supreme Court decided **McGee, supra**, which reiterated that "a review and interpretation of documents that are part of the record of the prior criminal proceeding" is

permitted in making strike determination [**McGee, supra,** 38 Cal. 4th at p. 685.) The McGee defendant argued that his strike determination violated the Federal Constitution because a judge, not a jury is entrusted with the responsibility "of reviewing the prior record of conviction to make such determinations" (McGee, at pp. 685-686.) The McGee court concluded that the exception for "'the fact of a prior conviction'" encompassed the facts related to recidivism and that **Apprendi, supra,** 530 U.S. 466 did not preclude a court from conducting "the inquiry required (and permitted) ... under California law." (**McGee, supra,** at 686, 706-707, italics omitted.) Although acknowledging that **Shepard, supra,** "may suggest that a majority of the high court would view the legal issue presented in the case before us as presenting a serious constitutional issue" the California Supreme Court stated that "the high courts decision did not purport to resolve that issue," which "was resolved as a matter of statutory interpretation" and did "not provide the type of clear resolution of the issue that would justify overturning the relevant California precedents." (McGee, at p. 708.) It further stated, "We recognize the possibility that the United States Supreme Court, in future decisions may extend that Apprendi rule ... But because in our view there is a significant difference between the nature of the inquiry and the factfinding involved in the type of sentence enhancements at issue in Apprendi and its progeny as compared to determine whether that conviction constitutes a qualifying prior conviction for purpose of a **recidivist sentencing statute**, we are reluctant to assume, in advance of such a decision by the high court, that the federal constitutional right to a jury trial will be interpreted to apply in the latter context" (McGee, at p. 709.) In other words, McGee concluded that a trial court's examination of the record of a prior conviction fell, at least for the time being within Apprendi's prior-conviction exception.

(Ibid.)

In mid - 2013, the United States Supreme Court handed down **Decamps, supra**, 135 S. Ct. 2276, an eight-to-one decision explaining that the Sixth Amendment bars a sentencing courts finding of a predicate offense ... if it [goes] beyond merely identifying a prior conviction. (Id. at p. 2288) As did **Shepard, supra**, 544 U.S. 13. Descamps involved a determination under the ACCA whether a prior conviction under a state burglary statute was a conviction for generic burglary, which requires an unlawful entry. (Descamps at p. 2282). The district court had found that the prior conviction was such a conviction by reviewing the transcript of the plea hearing, which showed that the defendant had not objected to the prosecutor's proffer that the crime involved an unlawful entry. (Ibid.) The Court of Appeals for the Ninth Circuit affirmed, holding "that when a sentencing court considers a conviction under ...[a] statute that is 'categorically broader than the generic offense[,]' ... [it] may scrutinize certain documents to determine the factual basis of the conviction." (Id. at pp. 2282-2283.)

The eight - justice majority of the United States Supreme Court concluded that this kind of factfinding was impermissible under the ACCA. It explained the procedure required by that statute as follows. First, a sentencing court must determine whether the statute under which a defendant was previously convicted is "'divisible'" that is one that "sets out one or more elements of the offense in the alternative," or "'indivisible,'" that is, "one not containing alternative elements." (**Descamps. supra**, 133 S. Ct. at p. 2281.) If the statute is indivisible, the "'categorical approach'" limits the inquiry to a comparison of the elements of the original statute and the generic crime, and "only if the statutes elements are the same as or narrower than those of the generic offense" can an enhancement be imposed under the ACCA. (Ibid.)

If, however, a statute is divisible, the "'modified categorical approach'" ... permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands and compare the elements of the crime of conviction (including the alternative elements (used in the case) with the elements of the generic crime." (Ibid.) The high court explained that the modified categorical approach "merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." The modified approach thus acts not as an exceptions, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than facts of a crime. (Id. at p. 2285.) Because the California burglary statute under which the Descamps defendant had been convicted was indivisible, the sentencing court's determination, based on the plea transcript, that the previous conviction involved unlawful entry contravened the ACCA. (Id. at pp. 2285-2266.)

Descamps, supra, explained that one reason "for establishing [its] elements - centric, "formal categorical approach" was to avoid the sixth Amendment concerns that would raise from sentencing courts' making finding of fact that properly belong to juries." (Descamps, supra, 133 S. Ct. at 2287.) In doing so, it discussed the "Sixth Amendment underpinnings" of its insistence that sentencing courts focus on the elements, not the underlying facts of prior convictions. Petitioner quotes this discussion as length because of its critical importance in resolving the issue presented in this Petition for Writ of Habeas Corpus.

> "We have held that "[o]ther than the fact of a prior conviction, any
> fact that increases the penalty for a crime beyond the prescribed
> statutory maximum must be submitted to a jury and proved beyond a
> reasonable doubt.' [Citation] Under [the] ACCA, the court's finding

of predicate offense indisputably increases the maximum penalty.
Accordingly that finding would (at the least) raise serious Sixth
Amendment concerns if it went beyond merely identifying a prior
conviction.  Those concerns, we recognize in **Shepard, supra,** 544
U.S. 13] counsel against allowing a sentencing court to make a
disputed 'determination about what the defendant and state judge
must have understood as the factual basis of the prior plea', or
what the jury in a prior trial must have accepted as the theory
of the crime.  [Citation]  Those are insistence on the categorical
approach.

[But] the Ninth Circuit's ruling flouts our reasoning - here,
by extending judicial factfinding beyond the recognition of a
prior conviction.  Our modified categorical approach merely
assists the sentencing court in identifying the defendant's
crime of conviction, as we have held the Sixth Amendment
permits.  But the Ninth Circuits rewording authorizes the
court to try to discern what a trial showed, or a plea
proceeding revealed about the defendants underlying conduct.
[Citation]  And there's the constitutional rub.  The Sixth
Amendment contemplates that a jury - not a sentencing court
can be sure they jury found those constituting elements of
the offenses distinct from amplifying but legally extraneous
circumstances.  [Citation]  Similarly, as Shepard indicated,
when a defendant pleads guilty to a crime, he waives his rights
to a jury determination of only that offense's elements, whether
whatever he says, or fails to say about superfluous facts cannot
cannot license a later sentencing court to impose extra punishment.
[Citation]  So when the District Court have enhanced Descamp[s]
sentence, based on his supposed acquiescence to a prosecutorial
statement (that he 'broke and entered') irrelevant to the crime
charged, the court did just what we have said it cannot: rely on
its own finding about a non-elemental fact to increase a defendants
maximum sentence."  (**Descamps, supra,** at pp. 2288-2289.)

The California Supreme Court has yet to consider how the Sixth Amendment

principles discussed in **Descamps, supra,** 133 S. Ct. 2276 affect its decision

in **McGee, supra,** 3d Cal. 4th 682 not to extend **Apprendi, supra,** 530 U.S. 466

to "the inquiry involved in examining the record of a prior conviction to

determine whether that conviction constitutes a qualifying prior conviction

for purposes of a recidivist sentencing statute."  (**McGee, supra,** at p. 709.)

Few decisions from the Court of Appeal have analyzed **Descamps, supra** either.

The most extensive consideration appears in **People v. Wilson** (2013) 219 Cal.

App. 4th 500 (Wilson).  In Wilson, the defendant had previously pleaded no

contest to proximately causing bodily injury while driving intoxicated and

to gross vehicular manslaughter while intoxicated. (Id. at p. 506.) Relying on a preliminary - hearing transcript, which revealed a factual dispute about whether Wilson or his girlfriend had been steering at the time of the crash killing another passenger, the trial court concluded that the prior conviction for gross vehicular manslaughter had involved "personal infliction of great/bodily injury" and was therefore a serious felony. (Id. at pp. 505-509; §1192.8 subd.(a).

The Appellate Court for the Sixth District concluded that the trial courts strike finding "violated both state and federal law." (**Wilson, supra**, at p. 510, italics in original, quoting **McGee, supra**, 3d Cal. 4th at pp. 671, 706.) It observed that in **McGee, supra**, the defendant 'admitted to specific conduct satisfying the elements of robbery under California law," permitting the trial court - hence to determine that the "prior conviction 'realistically [could not] have been based on conduct that would not constitute a serious felony under California law.'" (Wilson at p. 511.) In contrast, the defendant in Wilson had "admitted [only] the elements of proximately causing [the other passenger's death] by pleading to the vehicular manslaughter count, and the prior record showed that he disputed whether there had been personal infliction. (Id. at pp. 511-512, italics omitted.) The Court of Appeal concluded that "the prior conviction 'realistically [could] have been based on conduct that would not constitute a serious felony'" and "[t]he sentencing court could only resolve the relevant factual dispute by weighing the evidence and discreting [the] defendants statements" (Id. at p. 512) As a result, the trial court's strike determination was impermissible under **McGee, supra**. (**Wilson, supra,** at pp. 512-513.)

Wilson then held that the trial court's determination also violated the Sixth Amendment. (**Wilson, supra**, 219 Cal. App. 4th at p. 515.)

Interpreting **Descamps, supra**, 133 S. Ct. 2276 to include a holding by a majority of the United States Supreme Court that a sentencing court's finding of priors based on the record of conviction implicates the Sixth Amendment under **Apprendi, supra**, 530 U.S. 466. Wilson concluded that the trial court was "precluded ... from finding the facts - here in dispute - required to prove a strike prior based on the gross vehicular manslaughter offense." (**Wilson** at p. 515). As had the court in **Descamps, supra**, the trial court in Wilson had "looked beyond the facts necessarily implied by the elements of the prior conviction." (Wilson at p. 515). The Court of Appeal found it significant not only that there were no "admission - factual or otherwise - made by Wilson on the record of the prior conviction" but also that "Wilson explicitly contested the key fact at issue [and] .. the sentencing court was necessarily required to weigh the credibility of various witnesses and statements. The ... court could not have increased Wilson's sentence without "mak[ing] a disputed" determination of the fact - a task the United States Supreme Court specifically considered against. (Id. at pp. 515-516, quoting **Descamps, supra,** at p. 2288)

In holding that the strike determination violated the Sixth Amendment, Wilson made clear, however, that it was "Not consider[ing] ... whether the broader application of **Apprendi, supra,** 530 U.S. 466 and **Descamps, supra,** 133 S. Ct. 2276 to California's sentence enhancement scheme would leave intact the kinds of findings - e.g., those not concerning the facts of a defendant's prior conduct - heretofore endorsed under California law." **Wilson, supra**, 219 Cal. App. 4th at p. 516. Wilson held "only that federal law prohibits what **McGee, supra,** 38 Cal. 4th 682 already proscribed: A court may not impose a sentence above the statutory maximum based on disputed facts about prior conduct not admitted by the defendant or implied by the elements of the

**16.**

offense." **Wilson, supra,** at p. 516.

This case raises the issue that **Wilson, supra,** 209 Cal. App. 4th 500 left for another day: Whether a strike determination that does not run afoul to **McGee, supra,** 32 Cal. 4th 652 may nevertheless violate the Sixth Amendment. **Descamps, supra,** 133 S. Ct. 7276 makes clear that it can. See **People v. Manning** (2014) 226 Cal. App. 4th 1133, 1141 (note 3 (approach allowing consideration of conduct underlying prior conviction to make strike determination "may no longer be tenable" after Decamps.) Descamps declared that the Sixth Amendment prohibits "a sentencing court [from] 'mak[ing] a 'disputed' determination 'about what the defendant and state judge must have understood as the factual basis of the prior plea'." **Descamps, supra,** at p. 2288. This prohibition arises because "[a] guilty plea' admits every element of the crime charged,'" but no more. **People v. Williams,** (2009) 33 Cal. 4th 738, 749; **People v. Hafferd** (1995) 10 Cal. 4th 1170, 1171; see also **Trujillo** 40 Cal. 4th at p. 170 [explaining that California case law originally limited proof of a strike "'to matters necessarily established by the prior conviction'."

Here Petitioner did not admit, nor did the jury or court trial find the elements of aggravated robbery with a dangerous weapon by the guilty verdict when Petitioner entered a plea in 1981, 1988 or 1989. Petitioner has never waived his Sixth Amendment rights regarding the additional facts on which the strike finding was contigent: that he personally used a dangerous weapon or inflicted bodily harm in the course of the prior robberies. Nor did Petitioner stipulate at any time during the course of the 1981, 1988, 1989, nor at the July 31, 2006, Sentencing in the present case. See **Exhibit "A".**

17.

The question in this case is, did Petitioner admit, in the 1981, 1988 and 1989, in the plea bargain agreement and establish the elements of robbery, deadly weapon use that the Superior Court read into the record, which was incorrect, or personally inflicting great bodily injury upon anther? Or, under the circumstances of this case were those allegations nothing more than allegations, of unknown reliability?

There is no evidence that the prosecutor recited the factual basis for the prior conviction nor the plea or that Petitioner specifically admitted to any of the facts in the complaint beyond the elements of the crimes.

When the elements of a prior conviction do not necessarily establish that it is a "strike", the court may not under the Sixth Amendment "make" 'a disputed' determination about what the defendant and state judge must have understood as the factual basis of the prior plea, or what the jury in a prior trial must have accepted as the theory of the crime." **Decamps, supra,** 133 S. Ct. at p. 2888.

### C O N C L U S I O N

Absent any proof of the substance of the 1981, 1988 or 1989 guilty plea, or conviction, the prosecution has failed to prove that the conduct constituted a "Strike".

In light of the most recent California State Supreme Court decision in **People v. Gallardo**, (December 21, 2017) S231260, Petitioner contends that the state court denial of habeas corpus relief is an unreasonable application of clearly established state and federal law and is an unreasonable determination of the facts in the present case.

18.

Petitioner has certainly alleged facts, if proven via an evidentiary hearing, would establish that a fundamental miscarriage of justice has occurred as a result of the proceedings leading to the excessive sentence of 75 years to life plus 21 years under the Three Strikes Law based upon priors that were proven by an abstract of judgment before the sentencing Judge that consisted of additional facts that was not apart of any of the prior plea bargain agreements that the Sentencing Court considered and relied upon from sentencing Petitioner to 75 years to life plus 21 years for a second degree robbery and prior conviction;

Petitioner contends that the decision of the state court denying habeas corpus relief is an unreasonable application of clearly established State and Federal Law from Petitioner clearly establishing a prima facie case from the documents he has submitted in the within habeas corpus petition and from the Superior Court record that was before the Superior Court to prove and establish a violation of his constitutional guarantee of due process and his right to trial by a jury on the new facts that the Sentencing Judge used to justify sentencing Petitioner to 75 years to life under the Three Strikes Law warranting this Federal Court to issue an **Order to Show Cause** and the appointment of counsel in light of **People v. Gallardo, supra.**

Petitioner contends that the state court decision denying habeas corpus relief is an unreasonable application of clearly state and federal law from the state court making it clear that the state court had no intention of admitting the wrong it has imposed upon Petitioner from sentencing Petitioner to 75 years to life plus 21 years under the Three Strikes based upon additional facts that were not proven during the prior plea bargain agreement nor during the sentencing phase in the present case,

therefore, Petitioner petitions the Federal Court seeking a redress in the unconstitutional sentence since the change in the law has been declared in the case of **People v. Eslava** (2016 DJDAR 11277) and **People v. Gallardo, supra.**

      I swear under the penalty of perjury that all of the information in this petition is true, correct and complete, and to those matters stated on information and belief, I believe them to be true.

DATED: August 2<u>4</u>, 2018
August 24th, 6018

Respectfully submitted,

_Jihad Mohammed-Bey,_
Jihad Mohammed-Bey,
Petitioner In Pro Se/
*In PROPRIA PERSONA*
*August 24th, 2018*
*August 24th, 6018,*
*A FREE MOOR*

1  _____

2  _____

3  List, by name and citation only, any cases that you think are close factually to yours so that they

4  are an example of the error you believe occurred in your case. Do not discuss the holding or

5  reasoning of these cases: _____ See cases cited within argument _____

6  _____

7  _____

8  _____

9  Do you have an attorney for this petition?........................................................ YES ☐  NO ☒

10  If you do, give the name and address of your attorney: _____

11  _____

12

13  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be

14  entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

15  Executed on:

16  **August**      , **2018**        _Jihad  Mohammed- Bey_

17  _____Date_____           _Signature of Petitioner_

18                                   In  PROPRIA  PERSONA

    PLEASE CONTINUE TO THE NEXT PAGE →   A  FREE  MOORISH- AMERICAN

19                                   August  24th,  2018
                                              6018

20

21

22

23

24

25

26

27

28

_Petition for a writ of Habeas Corpus_          **21.**

1
2
3
4

<u>CONSENT OR DECLINATION TO</u>
<u>MAGISTRATE JUDGE JURISDICTION</u>

5
6
7

*Instructions:* Please indicate below by checking one of the two boxes whether you choose to consent or decline to consent to magistrate judge jurisdiction in this matter. Sign this form below your selection.

8

☐      **Consent** to Magistrate Judge Jurisdiction

9
10
11

In accordance with the provisions of 28 USC § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

12
13

OR

14
15

☒      **Decline** Magistrate Judge Jurisdiction

16
17
18
19

In accordance with the provisions of 28 USC § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

Executed on:

20
21

<u>**August**      , 2018</u>
                *Date*

*Jihad Mohammed-Bey, :*
                *Signature of Petitioner*

22
23

In   PROPRIA   PERSONA
August   24ᵗᴴ,   2018
                      6018
A   FREE   MOORISH- AMERICAN

24
25
26
27
28

**22.**

*Petition for a writ of Habeas Corpus*

SENTENCING   TRANSCRIPTS   OF   PRIORS
BEING   PROVEN

EXHIBIT   "A"

COURT OF APPEALS OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

---oOo---

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA) | |
| ) | |
| Plaintiff/Respondent) | Appellate No. |
| ) | |
| V. | ) SCN 196391/2208515 |
| ) | |
| JIHAD MOHAMMED, | ) |
| ) | |
| Defendant/Appellant ) | |
| ) | |
| ) | |

ON APPEAL FROM THE JUDGEMENT

OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

THE HONORABLE ANNE BOULIANE, JUDGE PRESIDING

REPORTER'S TRANSCRIPT ON APPEAL

JULY 31, 2006

**JUDGMENT AND SENTENCE**

ENDORSED
F I L E D
San Francisco County Superior Court

SEP 2 8 2006

GORDON PARK-LI, Clerk
BY MIA BENGSON, Deputy Clerk

Reported by:
JoAnn M. Prior, CSR 9129

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

HONORABLE ANNE BOULIANE, JUDGE PRESIDING

DEPARTMENT NO. 624

---oOo---

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) |
| PLAINTIFF, | ) ) |
| | ) SCN 196391 |
| VS. | ) COURTNO 2288515 |
| | ) |
| JIHAD MOHAMMED, | ) ) |
| DEFENDANT. | ) |
| | ) **JUDGMENT AND SENTENCE** |
| | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

JULY 31, 2006

A P P E A R A N C E S :

FOR THE PEOPLE:    HON. KAMALA HARRIS
DISTRICT ATTORNEY
BY:  ELIZABETH AGUILAR-TARCHI
ASST. DISTRICT ATTORNEY

FOR THE DEFENDANT:  HON. JEFF ADACHI
PUBLIC DEFENDER
BY:  DOUG WELCH
DEPUTY PUBLIC DEFENDER

REPORTED BY:
JOANN M. PRIOR, CSR 9129 OFFICIAL COURT REPORTER

JULY 31, 2006

## P R O C E E D I N G S

**THE COURT:** We can call the matter.

**THE CLERK:** People versus Jihad Mohammed.  2208515.

**THE COURT:** Counsel, state your appearances for the record, please.

**MR. WELCH:** Doug Welch on behalf of Mr. Jihad Mohammed, who is present in custody.

**MS. TARCHI:** Elizabeth Aguilar-Tarchi for the People.

**THE COURT:** The matter is on for sentencing.  And I know there were some folks that were here last week, and who are not here today.  Who was present?

**MS. TARCHI:** Who was present was Mr. Jose Rimon, R-i-m-o-n. He was one of the victims in the case.  He indicated he wished to be present to listen to the sentencing, but did not wish to make a statement, and I will apprising him after today's matter.

Also present was Luigi Brassi, L-u-i-g-i, B-r-a-s-s-i.  He's the owner of the Washington Street Garage, and that was the garage where Mr. Ai Jing Huang worked, and he wanted to state that he wished to obtain restitution in the amount of $2,778.25. I do believe, according to the probation report previously submitted, that total was already included in there, Your Honor.

**THE COURT:** The matter is on for judgment and sentence and I have read and considered the probation report.

Is formal arraignment waived?

**MR. WELCH:** Yes.

**THE COURT:** Any party wish to be heard before sentencing?

**MR. WELCH:** Yes, Your Honor.  I filed a sentencing

memorandum, and that was a motion for the Court to dismiss the strikes that would cause Mr. Mohammed to suffer a life sentence.

In order for the Court to do that, the Court needs to find that Mr. Mohammed's nature and the nature of the crime is not such that it falls within the spirit of the three-strikes law. And I wanted to state, as I did in the papers, let the Court know a little bit about where Mr. Mohammed is from and who he is.

He was born in the Bay Area.  He was taken out of the custody of his parents when he was a toddler, and that was because his mother was not fit to take care of him.  He was then placed into the care of his grandparents home.  He basically had his grandparents until high school, and those were the only two people who were consistently a part of his life.  Also, he lost them when he was in high school and then his grandparents home was sold, according to Mr. Mohammed, when they passed away and he was essentially left with his older brother who he didn't know that well and who wasn't a good influence at all on him, and it was around that time that he started to get into trouble.

Mr. Mohammed did go to the California Youth Authority and he reports that he experienced a tremendous amount of racism while in the custody of the Youth Authority, and he has still some physical injuries from that.  He has a scar that he suffered through what he described as a racist attack.

And, you know, one of the things that has happened and Mr. Mohammed has been to prison in and out throughout his adult life, but he doesn't feel he was given the opportunity to show that he could be a successful citizen.

He has suffered with mental health issues and drug addiction.  One of the things Mr. Mohammed talked to me about not too long ago was that he had some notes and medical history that was at the Tenderloin Resource Center, that's a community center in San Francisco.

And I think, I would be basically ask the Court to accept as an offer of proof without those documents.  I just recently found out about those, unless the Court thinks the documents would show anything different that basically when he was out for about a year and a half he did seek some, this wasn't the year and a half that was prior to when he was released and then picked up on these charges.  Shortly before that he was out for a more significant period of time and did he seek mental health treatment, and he did seek treatment for his addiction issues.  And that I think is indicative of some of the stuff that wants to be able to do.

And based upon the fact that Mr. Mohammed's life was not one that gave him many chances, I am asking the Court to dismiss the strikes pursuant to the Romero cases and its progeny.  And also to stay the execution of the state prison sentence and give him an opportunity on probation.

One other thing did I want to mention real quick.  One other issue, and I know the jury did make its finding, but one of the facts I thought was somewhat significant, and I was trying to make this connection to a certain degree, and I think, Ms. Gebre, who was the only person who could make any type of identification for the second robbery, testified that she was 50/50 percent sure that Mr. Mohammed was the one.  And I think

based upon the fact that this is the same MO type of robbery, I was trying to say, basically maybe there is some residual doubt as to whether or not Mr. Mohammed has maintained his innocence, and the fact that the main people only had a 50/50 identification, I would ask the Court to take that into consideration as well.

And I will submit, unless I went to respond to something the district attorney has to say.

THE COURT: Ms. Tarchi.

MS. TARCHI: Yes.  The People feel they should make a brief statement in light of the exposure here.  The People have submitted an aggravated term notification so I will not reiterate every circumstance which the People submit warrants an aggravated term or that the People's request is that the defendant be committed to state prison for the maximum time allowable.  And the People certainly don't say this lightly.

The Court has found 11 prior strike convictions to be true. The defendant has spent most of his adult life, Your Honor, in and out of prison for violent offenses.  The defendant was on parole with an active warrant in these incidents.

In some instances striking the victims with a metal rod, in most instances after the victims had already given indications that they were ready to relinquish their money.  All the victims indicated to the people that they were severely traumatized by the incident.  Mr. Rimon, in fact, was appearing and insisting on appearing at the sentencing because he was so fearful that the defendant just might be released, just out of purely fear and indicated that if certainly he would, he would be, quote,

"moving out of San Francisco."  You recall that he was the
victim that testified, Mr. Rimon, that he felt the defendant was
going to kill him and he was able to flee to safety by jumping
in the car of an unidentified female, good samaritan who allowed
him to get into the car to avoid being further struck by the
defendant.

The defendant's modus operandi, Your Honor, for most of his
adult life has remained consistent that he wields and robs
victims using a weapon.  His weapon of choice in the 1989 case,
and that docket is Superior Court Number 128091.  I personally
pulled that file and read the facts.  And in that particular
instance the defendant committed 15 separate robberies, 32
counts were filed, and he was wielding either a knife or a
handgun.  In at least two of the cases filed the victims were
stabbed with a four-inch knife.

The defendant poses a severe public safety concern were he
not to be committed for the maximum time allowable.  These were
spree cases.  The jury did speak.  Of course it was an ID issue,
but without question upon speaking to the jurors and, of course,
the Court heard the facts, they found beyond a reasonable doubt
that, in fact, Mr. Mohammed had committed these three robberies
of the four victims.

So based on the prior violent history, Your Honor, and
certainly the facts and circumstances that the Court heard and
the evidence presented at the trial, the People are requesting
that the Court commit Mr. Mohammed to the maximum time allowable
pursuant to law.

MR. WELCH:  Your Honor, I would just state that I know there

were at some point multiple charges in the 1999 matter that was --

    **MS. TARCHI:**  '89.

    **MR. WELCH:**  Oh, '89.  Well, in fact, I know Mr. Mohammed wasn't convicted of 15 separate robberies.  He was convicted of multiple robberies in that occasion, but just, you know, if the Court is going to consider that, he wasn't convicted of the 15 separate robberies, and I will submit.

    We are asking that Mr. Mohammed not receive a life sentence, and I think that's certainly his request.  I think at this time Mr. Mohammed would like to speak and address the Court.

    **THE DEFENDANT:**  Good morning.  Good afternoon, to the Court. I don't really have much to say.  Just in regards to the past that she brought up on those past robberies, it was a situation where I was arrested, and there was no suspect for the robberies, so I became the prime suspect based on one of the robberies, and in the course of that they made a plea bargain with me and I pleaded to two robberies.  But, actually, what I pleaded to, I didn't know what I pleaded to at that time because I didn't look at the robberies I was pleading to.  There was no handgun ever used, because I never used a handgun in any robberies.

    And in terms of what I'm here today for, is the same thing. I was on 600 milligrams of Sirquil, 800 milligrams of Neurontin, 50 milligrams of Benadryl and 20 milligrams Zoloft.  I was seeing a therapist regularly at 135 Golden Gate and also the Tenderloin Clinic.  And also at the parole office, seeing a psychiatrist and the doctor.  I never missed an appointment.

I was working.  I don't know if the probation report stated that, but I was working at the time.  And the reason I took a leave, it was a medical leave.  I didn't quit, I didn't get fired.  I couldn't do the job because I was on medication.  If I would have had expert testimony from a psychiatrist they probably would have testified that a person under that kind of medication doesn't have time to do anything but sleep, pretty much, and eat.

And in terms of the victims, I feel bad for the victims, but I myself have been a victim of a robbery, and if I would have had the testimony that I felt could have cleared me, the paperwork in terms of, I was living at a shelter at this time and the shelter that I was living at, you have to sign in and you have to sign out.  They are pretty strict.

The records would have showed that I was at the shelter during the times of these offenses.  And also witnesses at the shelter would have been able to testify for that me they would are have testified for me.  I didn't have the witnesses and I didn't have the testimony I needed.  I don't know what happened. I don't know if my lawyer could have gotten them, and I don't know if he said at the time they went there, the shelter said they destroyed the reports after a year.

I feel I didn't have the defense that I should have had in terms of my trial.  Not -- no reflection on Mr. Welch, because he tried to get the records.  They just weren't available at the time.

And other than that, you know, I have lived a checkered life in and out of prison, but at the same time, I have done some

good things.  And I know in the paperwork what the papers state black and white doesn't really speak to the character of myself or what I represent.  But in the community I have done some community work, you know, and I would ask for your mercy and your leniency in my case.  Thank you.

MR. WELCH:  If I could say something.  Mr. Mohammed did ask me right around the time of the trial, he said, you should go to this shelter, and it was actually the place where Mr. Mohammed was arrested, if I remember the testimony, and exactly what he said.  I went there and I also spoke to somebody who was the manager and he told me that the records were destroyed after a year.

So, if those records were there, I didn't find out about them in time in order to get them, but Mr. Mohammed did ask me about it.  He did mention those records, and unfortunately, they don't keep the records over a year, so that we weren't able to introduce that.

That's basically why I mention Ms. Gebre, or it was kind of in the same vain of any residual doubts that they might have about this case regarding Mr. Mohammed's guilt.  I brought that up as just a circumstance that might cause the Court to show some leniency.

MS. TARCHI:  Sorry, Your Honor.  Mr. Welch certainly is accurate about the testimony of Mr. Gebre about the photo spread was 50/50, at least that was her testimony, but she was absolutely certain two days later when she was walking down the alley way that she was reaching for her cell phone as she testified, looking for somebody to call, looking for the number

for the inspector, because she was certain that the person she
saw walking there, which circumstantially was shown to be the
third incident where the robbery occurred, the third robbery,
that quote, that was the same man that she had seen in the store
two days earlier, and that was, of course, Mr. Mohammed.  And
that was her testimony, Your Honor.

THE COURT:  Okay.

MR. WELCH:  Mr. Mohammed, and I think is a good point to
point out, that after he was detained by Sergeant Gamble, he was
identified as the suspect, and I think much of the investigation
focused solely on him.  And then because it was the same MO, he
was charged with these multiple counts.

And as we made a motion, it was a while ago, but we did do a
Motion to Suppress, and our grounds in that, you know, it was
denied, but our grounds were that Mr. Mohammed was just walking
along the Embarcadero, enjoying the day and he was detained, and
we are not really sure why.  And that was in large part, because
of that, that Mr. Mohammed finds himself here.

THE COURT:  Anything further?

MS. TARCHI:  No, Your Honor.

THE COURT:  Why don't I do this one thing at a time.  We
have a number of issues.  You know, I know under, I am familiar
with the Romero case, 13 Cal. 4, 497.  And I have to say in
looking at the record, it's a pretty significant record, and
there are acts of violence, considerable acts of violence.
Based on that, I don't believe I can exercise my discretion to
strike those priors, I cannot.  I mean, I know I have
theoretically, the power, but the way I read the cases and the

way I look at the history here, I think it would be
inappropriate.   So I am going to deny the motion to strike the
priors under <u>Romero</u>.

Now, we have a number of issues on sentencing, so I want to
take it up one thing at a time.  And let me say what I think we
have here.  We've got four counts, Count 1, Count 2 and Count 4
all occurred on separate occasions.

MR. WELCH:  I'm sorry.

THE COURT:  Do you want a second with your client?

MR. WELCH:  No, no.  I will talk to him in a second.  I am
sorry.

THE COURT:  When you do, I'll give you time.

MR. WELCH:  Okay.

THE COURT:  Because I want to be sure.

And we do have the eleven 667(d) and (e) priors.  So I think
that the sentencing scheme under 667(d) and (e) apply to each of
those counts.  It is my view that Count 2 and Count 3 occurred
on the same occasion, so that the Court would only -- off the
record.

**(Discussion off the record)**

THE COURT:  In looking at this, Count 2 and Count 3 were the
same incident, occurred on the same occasion, arose out of the
same set of facts, and I know that I can't sentence on both.  As
to -- I am going to run it concurrent.  I'm not sure if I should
run it concurrent or stay it, but I will run it concurrent at
this point.

So on each of those, under (d) and (e), I am required to
impose the greatest minimum term, which in the case of these

three offenses Count 1, 2 and 4 would be 25 to life on each of those counts.  I think the way it is stated is life with a minimum of 25 years.

And as to each of these cases it goes to the enhancements. I think that's where we have something to talk about.  And I think we have the 667(a) priors, and what I call the (b) priors. The 667.5(b) priors.

As to the 667.5(b) priors, I believe I can run those concurrent, which I believe is appropriate here.  As to the (a) priors, I think counsel have agreed that we have, because of the different prison commitments, although we have a number of priors as to that, we have actually only four.

MS. TARCHI:  Yes, Your Honor.

THE COURT:  Probation would be denied in this case.  I don't believe the law permits probation because when we've got the three strikes priors alleged, and I am respectfully declining to strike those.

As to Count 1 it would be a life sentence with a minimum of 25 years, and the 12022(b)(1) prior would be one year.

As to Count 2, again, it would be life term with a minimum of 25 years.  And one count of 12022(b)(1), and Ms. Tarchi, do you want to be heard on either consecutive or concurrent on these?

MS. TARCHI:  On the 12022(b)1, Your Honor?

THE COURT:  Yes.

MS. TARCHI:  Oh, you mean with respect to Counts 2 and 3?

THE COURT:  No.  As to 2 and 3, I think I have to run them concurrent.

MS. TARCHI:  The People's position legally is that the Court can impose consecutive terms for each use allegation under 12022(b)1.

THE COURT:  Okay.  I am going to run the 12022(b)(1) as to Count 2 consecutive to that in Count 1.

THE CLERK:  I'm sorry.

THE COURT:  1, 2 and 4 are all consecutive, and Count 3 is concurrent.

So the 12022(b)(1) as to Count 2 is consecutive to that in Count 1.

Count 3 is 25 to life plus the one year on the 12022(b)(1), those are concurrent.

Count 4, is, again, 212.5(c), 25 to life.  The 12022(b)(1), one year consecutive as to Count 1 and 2.  And a 12022.7(a), which is three additional years consecutive to any other determinate sentence.

Now, as to the 667(a) priors, as to the first one which would add a consecutive five years would be the one that's alleged as Number 1, robbery in San Mateo, May 7th, 1981.  And I think it is conceded that the one alleged as Number 2 was the same commitment.

MS. TARCHI:  That's correct, Your Honor.  That would have the same date.

THE COURT:  I have already made my finding on the bank robbery.

That takes us, then, the second prior for purposes of 667(a) would be October 4th, 1988.  And this would be the one that's alleged as Number 4, San Mateo, 211.

And the third prior for the purposes of 667(a) is the one of April 3rd, 1989 in San Francisco for second degree robbery. That's alleged as Number 5 under the 667(a) allegations.

Number 6 is the same commitment, as are all the other ones, which is Number 12, June 9th, 1999 in San Francisco, second degree robbery.

Then as to the 667.5(b) priors for purposes of sentencing -- off the record.

            (Discussion off the record.)

THE COURT:  It is my intention to run them all concurrent.

MR. WELCH:  These are on the prison priors?

THE COURT:  No, these are -- yes, the 667.5(b) priors, not the (a) priors.

MR. WELCH:  Right.

THE COURT:  So I will run them all concurrent to the one alleged as Number 1, May 7th, 1981.  My only question was as to the Number 3, which is the bank robbery.  Is that one invalid on a 667.5(b) as well?

MS. TARCHI:  Yes, that was not found to be true by the Court.

THE COURT:  It was not found to be true.  We only have eleven.

MR. WELCH:  Your Honor, actually, I think that there are only for each, there are only four, actually, because while there were pleas to multiple robberies, sometimes he received only one prison commitment for that.  And I think it is similar to the 667(a), that each time there is the same date.

THE COURT:  Can we use the same ones that we used for the

667(a) for the purposes of 667.5(b)?

    MR. WELCH:  Yes.

    THE COURT:  I believe we can, so why don't we do that.

    MR. WELCH:  I know for the practical effect, it would be the same that each one is a prison commitment.

    THE COURT:  It is, however, it would be my intention that we simply run those concurrent.

    MR. WELCH:  Okay.

    THE CLERK:  Were there three 667's or four?

    THE COURT:  Four.  Each one carries one year.  They are all running concurrent with the first one, so I am only imposing one extra year for all four of those.  So that leaves us -- off the record.

             (Discussion off the record)

    THE COURT:  The indeterminate sentence would be a total of 75 to life, followed by a determinate sentence on the 667(a) priors of 20 years, plus one year for the 667.5(b) priors, 21 years total.  And then on the enhancements, can counsel assist me?

    MS. TARCHI:  There would be three years for the great bodily injury.

    THE COURT:  And then one year for each of the deadly weapon uses for a total of six.

    MS. TARCHI:  Yes, Your Honor.

    THE COURT:  So determinate sentence would be --

    MR. WELCH:  Count 2 and 3 was going to be concurrent.

    THE COURT:  Yes.  We had discussed that, and I do think under the circumstances, that I would be running that

concurrent.  So that gets us to, let's go ahead and make Count 1, one year on the 12022(b)(1).  Count 2 it is, again, one year on the 12022(b)(1), but let's make it concurrent.  Count 3, one-year on the 12022(b)(1) concurrent.  Count 4, one year on the 12022(b)(1), that's concurrent.  And three years on the 12022.7 consecutive.

MS. TARCHI:  So the Court is making the use 12022(b)(1) all concurrent, so making it one year?

THE COURT:  Yes.

MS. TARCHI:  All right.

THE COURT:  Then I would be ordering restitution.

I would be ordering a DNA sample.

Based on ability to pay up to $150 for the presentence report, and up to $125 booking fee.  Restitution fine of $200 and a stayed restitution fine pursuant to 1202.45.

CTS to date is 508 days.

MR. WELCH:  That I think presentence report was done for the 21st.

THE CLERK:  That's as of today.

MR. WELCH:  508 is as of today.

THE COURT:  Right.  I'm not using the presentence report. And then off the record.

(Discussion off the record)

THE COURT:  Mr. Mohammed --

MR. WELCH:  Your Honor, one thing I wanted just -- I don't know if there was an amount of restitution granted or named. Did the Court give a number?

THE COURT:  No, but we've got some information here in the

presentence report.   Is there any issues on the restitution?

MR. WELCH:  Well, one of the -- obviously, you know, the jury made their finding, and the information provided was that $515 was taken during the March 5th robbery.  Then there was the $400 that was lost income due to the business closure.  It's actually attached to the restitution form at the back of the presentence report.

Some of the numbers, I do -- I certainly don't know if they are entitled to recoup the $1,640 that was paid for a security guard during the Saturday night shifts, and that was done at the request of Mr. Huang after the robbery.  The garage apparently hired a security guard for a certain period of time until Mr. Huang was content being there alone.

So I basically would object to, you know, the hardship bonus, the wages paid to Mr. Huang during the period of incapacity to work during the assault, the $100 of wages paid to Mr. Huang for being in court and while he was being questioned by the police, and also wages paid to the security guard.

THE COURT:  It would seem that I could ask the Department of Corrections to determine the restitution using the numbers that are in the probation report to assist them.  Your objections can be noted.

MR. WELCH:  Okay.

THE COURT:  Are there some names for this restitution that should be stated?

MS. TARCHI:  No.  If the Court requires it -- you mean, I'm sorry, names for which person?

THE COURT:  Yes.

MS. TARCHI:  Excuse me.  One, the person listed was Mr. Luigi Barassi, the owner of the 622 Washington Street garage. He is the person submitting the restitution claim of $2,778.25 and that documentation is attached to the probation report itemizing each one.

THE COURT:  Right.  I take it there is at this point --

MS. TARCHI:  The probation also listed Ms. Gebre.  Mr. Rimon is not making any claim, but I believe Ms. Gebre was.

THE COURT:  Yes.

MS. TARCHI:  And in the report she is listed as -- pardon me, I misspoke.  $3,000 claim to Mr. Senduku Kassie.  Ms. Gebre was not making a claim.  Mr. Kassie is the victim who suffered injuries to the head and had to get staples.

THE COURT:  Right.  I think that's the name.

I just want to say one other thing to Mr. Mohammed that I do appreciate the respect that you've shown the Court, and I don't know quite else how to put it, but I do appreciate it.  This is really unfortunate.  I'm doing what I think the law requires me to do.  All right.

I do need to give you your appeal rights that you have a right to appeal from the court in imposing sentence on you today.

MR. WELCH:  Your Honor, I will state, we do intend to appeal.  Mr. Mohammed wants to.

THE COURT:  Of course.  So you just need to file a written notice of appeal of your intention to appeal within 60 days of today.  And you have to have that notice in writing and signed by you or your attorney or both of you.  It must specify what

you're appealing from, whether it's the whole judgment or only part of it. And you will have the right to a complete transcript of the trial court proceedings by law without any cost to you.

And if you cancan afford an attorney to represent you the appellate authority will appoint one for you. So it is important to keep the appellate authority informed at all times of your current mailing address.

And then at the end of your period of incarceration you will be placed on parole for a period not to exceed seven years and I don't know, again, on the DNA sentencing for sure that this applies.

MR. WELCH: On the sentencing?

THE COURT: On the three strikes sentencing, that this applies. But if you are given parole, it will be for a period of seven years unless it is waived for good cause by the board of prison terms. If you violate any provision of your parole grant, your patrol may be revoked and you could be incarcerated for a period of 12 months each time you are revoked. And the total spent in custody due to revocation of parole and limit of parole itself may not exceed seven years.

That's on life cases, that's what is specified here. And, again, I'm not sure, but in an abundance of caution I wanted Mr. Mohammed to be aware of that. Okay. All right. Anything further?

(Whereupon, the proceedings were concluded.)

STATE OF CALIFORNIA          )
                            ) SS.
                            )
CITY AND COUNTY OF SAN FRANCISCO)

## REPORTER'S CERTIFICATE

I, JOANN M. PRIOR, AN OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT STATEMENT OF THE TESTIMONY AND PROCEEDINGS HAD IN THE WITHIN-ENTITLED MATTER AND THAT THE SAME IS A FULL, TRUE AND CORRECT TRANSCRIPTION OF THE SHORTHAND NOTES AS TAKEN BY ME IN SAID MATTER.

DATED:   AT SAN FRANCISCO, CALIFORNIA, THIS 25th DAY OF _Sept 2006_.

JOANN M. PRIOR, CSR 9129

E16707  MOHAMMED, JIHAD                    LEGAL STATUS SUMMARY                                        Page 1 of 3

| Inmate Name: MOHAMMED, JIHAD A. | CDC #: E16707 | DOB: 09/10/1961 |
|---|---|---|
| Facility: SQ-Facility A [SQ-A]<br>PC2933 Eligible: No | Housing: A WB 4-085001U<br>MCC Eligible: No | CCRA: D. Berry<br>CCI: T. Blanson<br>PRCS Eligible: No |

You have been committed to the CDCR to serve the following sentences.

**Sentencing Overview**

| | | |
|---|---|---|
| Term Start Date: 08/15/2006<br>Life Term Start Date: 11/25/2027<br>Control Date: 11/26/2102<br>Time Served: 3735 days | Total Term: Life With Parole<br>Total Minimum Term: 100y 0m 0d<br>Control Date Type: MEPD<br>Time Remaining: 31447 days | Overall Max Date: Life With Parole<br><br>As of Date: 10/20/2016 |

**Sentence Structure**

| Cmt. | County | Sentence Date | Total Time Imposed | Status | Status Date |
|---|---|---|---|---|---|
| BA | San Francisco | 05/02/1989 | 15y 0m 0d | Discharged (Time Served) | 11/19/2000 |

**Sentence Components (2 of 5 BA)**

| Cmp. | Count | County/Case # | Crime (Statute) | Offense | Offense Date | Time Imposed | Relationship to Cmt./Cmp. | Credit Rate | Pre-Snt Credit | Post-Snt Credit | Vested Credit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 002 | 001 | San Francisco/ 128091 (Offn. Enhan.) | PC212.5(b)[01] (PC12022.5[01]) | Robbery 2nd (USE F'ARM) | 02/21/1988 | 1y 0m 0d ( 0y 8m 0d ) | Consecutive (1/3 Term) to BA / 001 | PC 2933 Credit | | | |
| 003 | 004 | San Francisco/ 128091 (Offn. Enhan.) | PC212.5(b)[01] (PC12022.5[01]) | Robbery 2nd (USE F'ARM) | 03/04/1988 | 1y 0m 0d (2 CS) ( 0y 8m 0d (2 CS) ) | Consecutive (1/3 Term) to BA / 002 | PC 2933 Credit | | | |
| 004 | 007 | San Francisco/ 128091 | PC212.5(b)[01] | Robbery 2nd | 03/10/1988 | 1y 0m 0d (2 CS) | Consecutive (1/3 Term) to BA / 003 | PC 2933 Credit | | | |
| 001 | 009 | San Francisco/ 128091 (Offn. Enhan.) | PC212.5(b)[01] (PC12022(a)[01]) (PC12022.7[01]) | Robbery 2nd (ARMED W/F'ARM) (INFL GBI) | 03/14/1988 | 3y 0m 0d ( 4y 0m 0d ) | | PC 2933 Credit | 404 | 8 | 4 |
| 005 | 028 | San Francisco/ 128091 | PC245(a)(1)[01] | Assault with a Deadly Weapon | 03/23/1988 | 1y 0m 0d | Consecutive (1/3 Term) to BA / 004 | PC 2933 Credit | | | |

| Cmt. | County | Sentence Date | Total Time Imposed | Status | Status Date |
|---|---|---|---|---|---|
| BB | San Mateo | 10/04/1988 | 8y 0m 0d | Discharged (Time Served) | 11/19/2000 |

**Case Enhancements for Prior Conviction or Prison Terms (1 of 1)**

| Case # | Penal Code | Description | Time Imposed | Stayed | Credit Rate |
|---|---|---|---|---|---|
| C19587 | PC667(a)[01] | Prior Felony Convction of Serious Offense | 5y 0m 0d | No | PC 2933 Credit |

**Sentence Components (1 of 1)**

| Cmp. | Count | County/Case # | Crime (Statute) | Offense | Offense Date | Time Imposed | Relationship to Cmt./Cmp. | Credit Rate | Pre-Snt Credit | Post-Snt Credit | Vested Credit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 001 | San Mateo/ C19587 | PC212.5(b)[01] | Robbery 2nd | 04/07/1988 | 3y 0m 0d | Concurrent to BA / 001 | PC 2933 Credit | 271 | 0 | 0 |

| Cmt. | County | Sentence Date | Total Time Imposed | Status | Status Date |
|---|---|---|---|---|---|
| BC | San Francisco | 06/09/1999 | 10y 0m 0d | Discharged (Time Served) | 11/24/2007 |

**Case Enhancements for Prior Conviction or Prison Terms (1 of 1)**

| Case # | Penal Code | Description | Time Imposed | Stayed | Credit Rate |
|---|---|---|---|---|---|
| 172586 | PC667(a)[01] | Prior Felony Convction of Serious Offense | 5y 0m 0d | No | PC 2933 Credit |

**Sentence Components (1 of 1)**

| Cmp. | Count | County/Case # | Crime (Statute) | Offense | Offense Date | Time Imposed | Relationship to Cmt./Cmp. | Credit Rate | Pre-Snt Credit | Post-Snt Credit | Vested Credit |
|---|---|---|---|---|---|---|---|---|---|---|---|

E16707   MOHAMMED, JIHAD      LEGAL STATUS SUMMARY                           Page 2 of 3

| Cmp. | Count | County/Case # | Crime (Statute) | Offense | Offense Date | Time Imposed | Relationship to Cmt./Cmp. | Credit Rate | Pre-Snt Credit | Post-Snt Credit | Vested Credit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 001 | San Francisco/ 172586 | PC212.5(c)[01] | Robbery 2nd | 07/30/1998 | 5y 0m 0d | Concurrent to BA / 001 | PC 2933 Credit | 471 | 5 | 2 |

| Cmt. | County | Sentence Date | Total Time Imposed | Status | Status Date |
|---|---|---|---|---|---|
| BD | San Francisco | 07/31/2006 | Life With Parole | Imposed | 07/31/2006 |

### Case Enhancements for Prior Conviction or Prison Terms (1-5 of 5)

| Case # | Penal Code | Description | Time Imposed | Stayed | Credit Rate |
|---|---|---|---|---|---|
| 196391 | PC667.5(b)[01] | Prior Prison Term/Non Violent new offense is any felony | 1y 0m 0d | No | 15% Credit |
| 196391 | PC667(a)[01] | Prior Felony Convction of Serious Offense | 5y 0m 0d | No | 15% Credit |
| 196391 | PC667(a)[01] | Prior Felony Convction of Serious Offense | 5y 0m 0d | No | 15% Credit |
| 196391 | PC667(a)[01] | Prior Felony Convction of Serious Offense | 5y 0m 0d | No | 15% Credit |
| 196391 | PC667(a)[01] | Prior Felony Convction of Serious Offense | 5y 0m 0d | No | 15% Credit |

### Sentence Components (1-4 of 4)

| Cmp. | Count | County/Case # | Crime (Statute) | Offense | Offense Date | Time Imposed | Relationship to Cmt./Cmp. | Credit Rate | Pre-Snt Credit | Post-Snt Credit | Vested Credit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 002 | 001 | San Francisco/ 196391 (Offn. Enhan.) | PC212.5(c)[02] (PC12022(b)[02]) | Robbery 2nd Third Striker (Use of Deadly Weapon) | 03/05/2005 | Life With Parole ( 1y 0m 0d ) | Consecutive (Full Term) to BD / 001 | Zero Credit (15% Credit) | | | |
| 004 | 002 | San Francisco/ 196391 (Offn. Enhan.) | PC212.5(c)[02] (PC12022(b)(1)[01]) | Robbery 2nd Third Striker (Personal Use of Dangerous or Deadly Weapon) | 03/06/2005 | Life With Parole | Consecutive (Full Term) to BD / 002 | Zero Credit (15% Credit) | | | |
| 003 | 003 | San Francisco/ 196391 (Offn. Enhan.) | PC212.5(c)[02] (PC12022(b)[01]) | Robbery 2nd Third Striker (USE D'WPN) | 03/06/2005 | Life With Parole | Concurrent to BA / 001 | Zero Credit (15% Credit) | 0 | 14 | 2 |
| 001 | 004 | San Francisco/ 196391 (Offn. Enhan.) | PC212.5(c)[02] (PC12022.7(a)[01]) (PC12022(b)(1)[01]) | Robbery 2nd Third Striker (Inflict GBI) (Personal Use of Dangerous or Deadly Weapon) | 03/06/2005 | Life With Parole ( 3y 0m 0d ) | Concurrent to BA / 001 | Zero Credit (15% Credit) | 0 | 14 | 2 |

COMMENTS:
BA ARDTS Release Date:08-17-2104 ARDTS Release Type:LIFE CASE CDCNO:E16707
BA - 003 Multiple count#:022;
BA - 004 Multiple count#:011;
BB ARDTS Release Date:08-17-2104 ARDTS Release Type:LIFE CASE CDCNO:E16707
BC ARDTS Release Date:08-17-2104 ARDTS Release Type:LIFE CASE CDCNO:E16707
BD PC 2933.1 ARDTS Release Date:08-17-2104 ARDTS Release Type:LIFE CASE CDCNO:E16707
BD - 002 Multiple count#:002;

### Legal Mandates (1-4 of 4)

| Cmt./Cmp. | Mandate Type | Begin Date | Due Date | Status |
|---|---|---|---|---|
| BD-002 | Notification Reqd - Violent Felon (PC3058.6) | 08/15/2006 | | Required |
| BD-004 | Notification Reqd - Violent Felon (PC3058.6) | 08/15/2006 | | Required |
| BD-003 | Notification Reqd - Violent Felon (PC3058.6) | 08/15/2006 | | Required |
| BD-001 | Notification Reqd - Violent Felon (PC3058.6) | | | Required |

### Dead Time (1-1 of 1)

| Began | Ended | Days | Type |
|---|---|---|---|
| 03/06/2005 | 03/11/2005 | 5 | Parolee At Large/Tolled |

### CDCR Credits Received/Lost (1-14 of 14)

| Entry Date | Effective Date | Type | Work Group | Duration (days) | Recd/Lost Days | Reason | Status | Qualifier |
|---|---|---|---|---|---|---|---|---|
| 07/20/2016 | 05/19/2016 | Work Group Change (done by Cls.) | A1 - Full Time Assignment | 154 | | Classification Action | Applied | |

E16707   MOHAMMED, JIHAD       LEGAL STATUS SUMMARY                                Page 3 of 3

| Entry Date | Effective Date | Type | Work Group | Duration (days) | Recd/Lost Days | Reason | Status | Qualifier |
|---|---|---|---|---|---|---|---|---|
| 05/19/2016 | 05/19/2016 | Work Group Change (Generated by IAO) | A1 - Full Time Assignment | 0 | | Inmate Assignment | Void | |
| 08/12/2015 | 06/12/2014 | Work Group Change (done by Cls.) | A2 - Waiting List for Assignment | 707 | | Classification Action | Applied | |
| 08/12/2015 | 08/12/2015 | Restoration of Credits | | | 90 | Classification Action | Applied | Log # WB14010039 |
| 06/13/2014 | 01/28/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # WB14010039 |
| 06/13/2014 | 11/26/2102 | Accept SOMS MEPD | | | | SOMS Date Correct | Applied | |
| 06/13/2014 | 11/26/2102 | MEPD Override | | | | SOMS Date Correct | Void | |
| 06/12/2014 | 06/12/2014 | Work Group Change (done by Cls.) | A2 - Waiting List for Assignment | 0 | | Generated by Data Conversion | Void | |
| 08/13/2013 | 08/17/2104 | MEPD Override | | | | ISL/DSL Mix Problem | Void | |
| 04/26/2012 | 04/26/2012 | Credit Lost (due to Disciplinary) | | | 30 | Unknown | Applied | Log # A12040183 |
| 08/15/2006 | 08/15/2006 | Work Group Change (Generated by IAO) | U - Unclassified | 2858 | | External Movement | Applied | |
| 03/11/2005 | 03/11/2005 | Work Group Change (Generated by IAO) | U - Unclassified | 522 | | External Movement | Applied | |
| 06/15/1999 | 06/15/1999 | Work Group Change (Generated by IAO) | U - Unclassified | 2096 | | External Movement | Applied | |
| 05/11/1989 | 05/11/1989 | Work Group Change (Generated by IAO) | U - Unclassified | 3687 | | External Movement | Applied | |

**Financial Obligations**

| Commitment | Court | Case Number | Account Type | Amount Ordered |
|---|---|---|---|---|
| No Rows Found | | | | |

**Active Detainers / Notifications**

| Date Placed | Type | Reason | Agency Name | Detainer/Case # | | :se |
|---|---|---|---|---|---|---|
| No Rows Found | | | | | | |

Legend: (The dates shown above are subject to change.)

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONS AGENCY

DEPARTMENT OF CORRECTIONS

GEORGE DEUKMEJIAN, Governor

# CALIFORNIA MEDICAL FACILITY
VA  LE, CA  95696-2000
(70 , 48-6841




DATE:  JUNE 17, 1988

NAME:  ANDERSON, CHARLES
FILE:  C32322
D/D:   7/85

OFFICE OF THE DISTRICT ATTORNEY
COUNTY OF   SAN FRANCISCO

Dear Sir:

This is to certify that the Director of the Department of Corrections
is the official legal custodian of the records of prisoners committed
to the California State Prisons, and has authorized the undersigned as
Records Officer of the Department of Corrections to certify in his
behalf the criminal records of persons who have served sentences in
California State Prisons, including the certifications required under
969b of the California Penal Code.

I further certify that the copies of the commitment, photograph,
fingerprints and Cumulative Case Summary Chronological History and/or
Movement History are true and correct copies of those in my custody
as required by law.

Sincerely,



David T. Park
Correctional Case Records Supervisor
Departmental Archives Unit
(707) 449-6519

Attachments



Case 3:08-cv-00424-PJH   Document 1   Filed 09/05/10   Page 49 of 70

CUMULATIVE CASE SUMMARY
CHRONOLOGICAL HISTORY

*139 B*

| DATE | CHRONOLOGICAL LISTINGS | INITIAL | TIME LOST | TIME RESTORED | RELEASE DATE |
|------|------------------------|---------|-----------|---------------|--------------|
| 6-23-83 | Rec'd at Clayton Staging | | | | |
| 7-18-83 | Rec'd at San Mateo/Emerald Halfway House | | | | |
| 7-12-83 | Paroled to Redwood City | | | DR | 9-13-84 |
| 7-17-84 | Arrested | C.K. | | CDD | 9-12-86 |
| 7-18-84 | Hold Placed | C.K. | | | |
| 9-6-84 | Parole revoked. Return to custody 12 months | C.K. | | RRD | 7-18-85 |
|  |  |  | | DR | 7-18-86 |
|  |  |  | | CDD | 9-12-87 (max) |
| -14-85 | Discharge effective 7/14/85 To allow Federal Authorities Exclusive jurisdiction | drm | | | |

| CDC # | NAME | INSTITUTION | PAGE |
|-------|------|-------------|------|
| 7-37322 | ANDERSON, CHARLES | CMF | 1 |

FORM CR 290

C-3252 / 139 C

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
BRANCH _____

FOR COURT USE

(ENDORSED)
# FILED
JUN 30 1981

MARVIN CHURCH, County Clerk
No. 11-35215

PEOPLE OF THE STATE OF CALIFORNIA        versus
DEFENDANT: **CHARLES ROBERT ANDERSON**        ☒ Present   ☐ Not Present
AKA:

COMMITMENT TO STATE PRISON P.C. § 1170
ABSTRACT OF JUDGMENT        ☐ AMENDED        CASE NUMBER(S)        **C-10114**

| Judge | **Robert D. Miller** | Clerk | **Celia Woodland** |
| Reporter | **Sarah Barrow** | Counsel for People | **Michael Devoy** |
| Counsel for Defendant | **Dale Rozzano** | Probation Officer | **J. W. Ryan** |

Defendant was convicted of the commission of the following crimes:
☐ Additional counts are listed on attachment _____

| | CODE | SECTION NO. | CRIME | Year | CONVICTION BY: | | | ENHANCEMENTS | | | | | ENHANCEMENTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | PC | 211 | Robbery | 1980 | 05 07 81 | | XX | | | | | | XX | | | | | |
| | PC | 211 | Robbery | 1980 | 05 07 81 | | XX | | | | | | XX | | | | | |

A. Number of prior prison terms charged and found: ___ 0 ___ 667.5(a) felonies; ___ 0 ___ other than 667.5(c) felonies.
B. Punishment for prior prison terms stricken: _____ 667.5(c) felonies; _____ other than 667.5(c) felonies.

The crime with the greatest "principal" term of imprisonment (including § 12022-series enhancements) is
A. ☒ in the present proceeding, **Count  2**        ☐ on a prior uncompleted sentence identified on next line.

DATE OF CONVICTION
MO. / DAY / YEAR

Defendant is sentenced on the crime with the greatest "principal" term to state prison for the ☐ lower ☒ middle ☐ upper base term of **3** / years.

Unstayed and unstricken enhancements imposed:
A. ☐ Penal Code § 12022(a)   ☐ Penal Code § 12022(b)   ☐ Penal Code § 12022.5   ☐ Penal Code § 12022.7 ........ years.
B. ☐ Penal Code § 12022.6(a)   ☐ Penal Code § 12022.6(b) ........ years.
C. ☐ Penal Code § 667.5(a) ........ years.
D. ☐ Penal Code § 667.5(b) ........ years.
E. Terms for consecutive sentences:
   (1) ☒ Other convictions in the present case for felonies not listed in § 667.5(c) on counts __4__ ... __1__ years.
   (2) ☐ Other convictions in prior uncompleted sentences for felonies not listed in § 667.5(c) ....... years.
   (3) ☐ Other convictions in the present case for felonies listed in § 667.5(c) on counts _____ ....... years.
   (4) ☐ Other convictions in prior uncompleted sentences for felonies listed in § 667.5(c) _____ ....... years.

Concurrent Sentences (to be served with sentence on count identified on line 3):
A. ☐ For convictions of the present case, counts _____   B. ☐ For convictions of prior uncompleted sentence.
Of years imposed above on lines 4 through 5.E.(4), number of years stayed pursuant to California Rules of Court, Rule 447, to comply
with Penal Code §§ 1170.1(a) [5-year limit] and 1170.1(f) [double-base-term limit] _____ / years.
The total unstayed prison term imposed by this judgment is _____ **4** / years.

Execution of sentence imposed:        A. ☒ at initial sentencing hearing        B. ☐ at resentencing pursuant to decision on appeal
                                       C. ☐ after revocation of probation        D. ☐ at resentencing pursuant to recall of commitment (P.C. § 1170(d))

The court pronounced sentence on ☐ | 0 | 6 | 1 | 9 | 8 | 1 |. Defendant is credited for time spent in custody, **409** total days, including:
Actual Local Time **273** P.C. § 4019(b) credit **136** State Institutions Time _____ (specify dates of admission and release in oral proceedings and minutes.)

Defendant is remanded to the custody of the Sheriff to be delivered. ☒ forthwith ☐ after 48 hours, excluding Saturdays, Sundays and Holidays
into the custody of the Director of Corrections at the Reception-Guidance Center located at ☐ Calif. Institution for Women — Frontera
☒ Calif. Medical Facility — Vacaville   ☐ Calif. Institution for Men — Chino   ☐ Other (specify) _____

CLERK OF SUPERIOR COURT

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

CLERK OF SUPERIOR COURT   By _Ann Harris_
Date   JUN 30 1981

This form is prescribed pursuant to Penal Code § 1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code § 1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code § 1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
Revised Effective January 16, 1979

## ABSTRACT OF JUDGMENT—COMMITMENT
### FORM CR 290

Pen. C. 667.5, 1170, 1170.1, 1213.5; 12022, 12022.5, 12022.6, 12022.7.

Pink original — Court File — Yellow copy - Department of Corrections — White copy - Administrative Office of the Courts

*139 F*

FORM CR 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF _____ SAN MATEO _____

COURT ID. 4 1 | | | |

BRANCH _____

| FOR COURT USE ONLY |
| --- |
| **FILED** |
| JUN 22 1981 |
| MARVIN CHURCH, County Clerk |
| by _Ann Harris_ |

PEOPL  THE STATE OF CALIFORNIA   versus

DEFENDANT:   CHARLES ROBERT ANDERSON   ☒ Present   ☐ Not Present
AKA:

COMMITMENT TO STATE PRISON P.C. § 1170
ABSTRACT OF JUDGMENT   CASE NUMBER: _C-10114_

Hearing _06 19 81_ Dept. No. _13_ Judge _Robert D. Miller_ Clerk _Celia Westlund_
Reporter _Sarah Barrow_ Counsel for People _Michael Devoy_
Counsel for Defendant _Eric Woodman_ Probation Number or Probation Officer _J. W. Ryan_

Defendant was convicted of the commission of the following crimes:
☐ Additional counts are listed on attachment 1.a.

| Count | Code | Section No. | Crime | Year Crime Committed | Date of Conviction Mo. Day Yr. | Conviction by: Jury Trial | Court Trial | Plea | Count Stayed PC § 654 | Charged and Found PC § 12022(a)(a) | PC § 12022.5 | PC § 12022.6 Bohotia | PC § 12022 | PC § 12022.5 | PC § 12022.6 | PC § 12022.7 | Additional term stricken due to circumstances in mitigation |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2 | PC | 211 | Robbery | 1980 | 05 07 81 | | | xx | | | | | | | | | |
| 4 | PC | 211 | Robbery | 1980 | 05 07 81 | | | xx | | | | | | | | | |

A. Number of prior prison terms charged and found: _0_ 667.5(c) felonies; _0_ other than 667.5(c) felonies.

B. Punishment for prior prison terms stricken: _____ 667.5(c) felonies; _____ other than 667.5(c) felonies.

The crime with the greatest "principal" term of imprisonment (including § 12022-series enhancements) is:

A. ☒ In the present proceeding, Count _2_. B. ☐ In a prior uncompleted sentence identified on next line.

DATE OF CONVICTION MO. DAY YEAR

Defendant is sentenced on the crime with the greatest "principal" term to state prison for the ☐ lower ☒ middle ☐ upper base term of _3_ / _____ years.

Unstayed and unstricken enhancements imposed:

A. ☐ Penal Code § 12022 . . . ☐ Penal Code § 12022(b) . . . ☐ Penal Code § 12022.5 . . . ☐ Penal Code § 12022.7 . . . . _____ years.

B. ☐ Penal Code § 12022.6(a) . . . ☐ Penal Code § 12022.6(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ years.

C. ☐ Penal Code § 667.5(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ years.

D. ☐ Penal Code § 667.5(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ years.

E. Terms for consecutive sentences:

(1) ☒ Other convictions in the present case for felonies not listed in § 667.5(c) on counts _4_ _____ _3_ / _____ years.

(2) ☐ Other convictions in prior uncompleted sentences for felonies not listed in § 667.5(c) _____ _____ years.

(3) ☐ Other convictions in the present case for felonies listed in § 667.5(c) on counts _____ _____ years.
COUNTY _____ CASE NUMBER _____ COUNTS _____

(4) ☐ Other convictions in prior uncompleted sentences for felonies listed in § 667.5(c) _____ _____ years.
COUNTY _____ CASE NUMBER _____

Concurrent Sentences (to be served with sentence on count identified on line 3): COUNTS _____

A. ☐ For convictions of the present case, counts _____ . B. ☐ For convictions of prior uncompleted sentence.

Of years imposed above on lines 4 through 5.E.(4), number of years stayed pursuant to California Rules of Court, Rule 447, to comply
With Penal Code § 1170.1(a) [5-year limit] and 1170.1(f) [double-base-term limit] . . . . . . . . . . . . . . . . . . ( _____ / _____ years)

The total unstayed prison term imposed by this judgment is _____ _6_ / _____ years.

Execution of sentence imposed: A. ☒ at initial sentencing hearing B. ☐ at resentencing pursuant to decision on appeal
C. ☐ after revocation of probation D. ☐ at resentencing pursuant to recall of commitment (P.C. § 1170(d))

The court pronounced sentence on _0 6 1 9 8 1_. Defendant is credited for time spent in custody, _409_ total days, including:
MO. DAY YEAR

Actual Local Time _273_ P.C. § 4019(b) credit _136_ State Institutions Time _____ (specify dates of admission and release in oral proceedings and minutes).

Defendant is remanded to the custody of the Sheriff to be delivered: ☒ forthwith ☐ after 48 hours, excluding Saturdays, Sundays and Holidays
to the custody of the Director of Corrections at the Reception-Guidance Center located at _____ ☐ Calif. Institution for Women — Frontera
☒ Calif. Medical Facility — Vacaville ☐ Calif. Institution for Men — Chino ☐ Other: (specify) _____

CLERK OF SUPERIOR COURT

*I hereby certify the foregoing to be a correct* By _Ann Harris_
*abstract of the judgment made in this action.* DEPUTY

Date _June 22, 1981_

form is prescribed pursuant to Penal Code § 1213.5 to satisfy the requirements of Penal Code § 1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code § 1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203c. copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code 1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
And Effective January 16, 1979

**ABSTRACT OF JUDGMENT-COMMITMENT**
**FORM CR 290**

Pen.C. 667.5, 1170, 1170.1, 1213.5, 12022, 12022.5, 12022.6, 12022.7.

Original - Court File — Yellow copy - Department of Corrections — White copy - Administrative Office of the Courts

*13*

FORM CR 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___SAN MATEO___

COURT NO. | 1 | | | |                          BRANCH _____

FILED
JUN 30 1981
MARVIN CHURCH, County Clerk
By _____
DEPUTY CLERK
FOR COURT USE ONLY

PEOPLE   THE STATE OF CALIFORNIA   versus
DEFENDANT:   CHARLES ROBERT ANDERSON        [X] Present   [ ] Not Present
AKA:

COMMITMENT TO STATE PRISON P.C. § 1170
ABSTRACT OF JUDGMENT        AMENDED        CASE NUMBER:   C-10114

Hearing 06 19 81  Dept. No. 13  Judge  Robert D. Miller   Clerk  Celia Westlund
         MO. DAY YR.
Reporter  Sarah Barrow              Counsel for People  Michael Devoy
Counsel for Defendant  Eric Woodman    Probation Number or Probation Officer  J. M. Ryan

Defendant was convicted of the commission of the following crimes:
[ ] Additional counts are listed on attachment 1.a.

| Count | Code | Section No. | Crime | Year Crime Committed | Date of Conviction Mo. Day Yr. | Conviction by: Jury Trial | Conviction by: Court Trial | Count Plea | Stayed PC § 654 | ENHANCEMENTS Charged and Found PC § 12022(a)(or)(b) | PC § 12022.5 | PC § 12022.6(a)(or)(b) | PC § 12022.7 | Additional term stricken due to circumstances in mitigation PC § 12022.5 | PC § 12022.6 | PC § 12022.7 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | PC | 211 | Robbery | 1980 | 05 07 81 | | | xx | | | | | | | | |
| | PC | 211 | Robbery | 1980 | 05 07 81 | | | xx | | | | | | | | |

A. Number of prior prison terms charged and found: ___0___ 667.5(c) felonies; ___0___ other than 667.5(c) felonies.

B. Punishment for prior prison terms stricken: _____ 667.5(c) felonies; _____ other than 667.5(c) felonies.

The crime with the greatest "principal" term of imprisonment (including § 12022-series enhancements) is:

A. [X] In the present proceeding, Count __2__.    B. [ ] In a prior uncompleted sentence identified on next line.

| COUNTY | CASE NUMBER | COUNT CODE | SECTION NUMBER | CRIME AND DEGREE | DATE OF CONVICTION MO. DAY YEAR |
|---|---|---|---|---|---|

Defendant is sentenced on the crime with the greatest "principal" term to state prison for the [ ] lower [X] middle [ ] upper base term of 3 ___/___ years.

Unstayed and unstricken enhancements imposed:

A. [ ]  Penal Code § 12022(a)   [ ] Penal Code § 12022(b)   [ ] Penal Code § 12022.5   [ ] Penal Code § 12022.7 . . . . _____ years.

B. [ ]  Penal Code § 12022.6(a)   [ ] Penal Code § 12022.6(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ years.

C. [ ] Penal Code § 667.5(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ years.

D. [ ] Penal Code § 667.5(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ years.

E. Terms for consecutive sentences:

(1) [X] Other convictions in the present case for felonies not listed in § 667.5(c) on counts ___4___   1 ___/___ years.

(2) [ ] Other convictions in prior uncompleted sentences for felonies not listed in § 667.5(c)

| COUNTY | CASE NUMBER | COUNTS | |
|---|---|---|---|

(3) [ ] Other convictions in the present case for felonies listed in § 667.5(c) on counts _____ . . . . ___/___ years.

| COUNTY | CASE NUMBER | COUNTS | |
|---|---|---|---|

(4) [ ] Other convictions in prior uncompleted sentences for felonies listed in § 667.5(c)

| COUNTY | CASE NUMBER | COUNTS | |
|---|---|---|---|

Concurrent Sentences (to be served with sentence on count identified on line 3):

A. [ ] For convictions of the present case, counts _____    B. [ ] For convictions of prior uncompleted sentence.

Of years imposed above on lines 4 through 5.E.(4), number of years stayed pursuant to California Rules of Court, Rule 447, to comply with Penal Code §§ 1170.1(a) [5-year limit] and 1170.1(f) [double-base-term limit]

The total unstayed prison term imposed by this judgment is ___/___ 4 ___/___ years.

Execution of sentence imposed:    A. [X] at initial sentencing hearing    B. [ ] at resentencing pursuant to decision on appeal
C. [ ] after revocation of probation    D. [ ] at resentencing pursuant to recall of commitment (P.C. § 1170(d))

The court pronounced sentence on | 0 | 6 | 1 | 9 | 8 | 1 | . Defendant is credited for time spent in custody, __409__ total days, including:
                                  MO.  DAY  YR.
Actual Local Time  273 P.C. § 4019(b) credit 13 State Institutions Time _____ (specify dates of admission and release in oral proceedings and minutes).

Defendant is remanded to the custody of the Sheriff to be delivered:   [X] forthwith   [ ] after 48 hours, excluding Saturdays, Sundays and Holidays
into the custody of the Director of Corrections at the Reception-Guidance Center located at   [ ] Calif. Institution for Women — Frontera
[X] Calif. Medical Facility — Vacaville   [ ] Calif. Institution for Men — Chino   [ ] Other: (specify)

CLERK OF SUPERIOR COURT

I hereby certify the foregoing to be a      By ___Ann Harris___
correct abstract of the judgment made in this action.        DEPUTY
                                           Date ___June 30, 1981___

Form is prescribed pursuant to Penal Code § 1213.5 to satisfy the requirements of Penal Code § 1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code § 1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203c. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
Effective January 16, 1979

ABSTRACT OF JUDGMENT-COMMITMENT
FORM CR 290

Pen C. 667.5, 1170, 1170.1, 1213.5, 12022, 12022.5, 12022.6, 12022.7.

Original - Court File — Yellow copy - Department of Corrections — White copy - Administrative Office of the Courts

# ABSTRACT OF JUDGMENT – COMMITMENT

FORM DSL 290

**FILED**
San Francisco County Superior Court
MAY 8 1989
DONALD W. DICKINSON, Clerk
BY [signature] Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
BRANCH

COURT: 8

CASE NUMBER(S): 128091 -A, -B, -C, -D, -E

PEOPLE OF THE STATE OF CALIFORNIA versus [X] PRESENT [ ] NOT PRESENT

DEFENDANT: JIHAD ABDUL MOHAMMED
AKA: Charles Anderson

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT
[ ] AMENDED ABSTRACT

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 05 02 89 | 26 | Laurence D.Kay | David Swanson |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Marie kennel Warner | J. Dwyer | F. Pinnock Esq. | 295721 |

DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT ______

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (L,M,U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOL. | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE(S) REFER'D | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 | 03 | 89 | | | x | M | | | | | | | 3 | |
| 1 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 | 03 | 88 | | | x | M | x | | | | | | 1 | |
| 4 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 | 03 | 89 | | | x | M | x | | | | | | 1 | |
| 7 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 | 03 | 89 | | | x | M | x | | | | | | 1 | |
| 11 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 | 03 | 89 | | | x | M | x | | | | | | 1 | |

ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | ENHANCEMENT | C/F | S | I | YEARS | MONTHS |
|---|---|---|---|---|---|---|
| 9 | 12022(b) | 1 | | 1 | 4 | |
| 9 | 12022.7 | 1 | | 1 | | |
| 1 | 12022.5 | 1 | | 1 | | 8 |
| 4 | 12022.5 | 1 | | 1 | | 8 |
| 22 | 12022.5 | 1 | | 1 | | 8 |

(Enhancement columns printed: 12022(a), 12022(b), 12022.3(a), 12022.3(b), 12022.5, 12022.6(a), 12022.6(b), 12022.7, 12022.8 — each C/F, S, I)

INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. A. NUMBER OF PRIOR PRISON TERMS:

| § | C/F | S | I |
|---|---|---|---|
| 667.5(a) | 0 | | |
| 667.5(b) | 0 | | |
| 667.6(b) | 0 | | |

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| § | C/F | S | I |
|---|---|---|---|
| 667.6(a) | 0 | | |

OTHER ORDERS:
$700 Restitution fine pursuant to 13967 GC

TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A): 2

TIME STAYED § 1170.1(a) [5-YEAR LIMIT] AND/OR § 1170.1(f) [DOUBLE BASE LIMIT]:

TOTAL TERM IMPOSED: 15

EXECUTION OF SENTENCE IMPOSED:
[X] AT INITIAL SENTENCING HEARING
B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. [ ] AFTER REVOCATION OF PROBATION
D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT [PC§1170(d)]

| DATE SENTENCE PRONOUNCED: MO | DAY | YEAR | CREDIT FOR TIME SPENT IN CUSTODY: TOTAL DAYS | INCLUDING: ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|---|
| 05 | 02 | 89 | 404 | 269 | 135 | [ ] DMH [ ] CDC |

DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
[ ] CALIF. INSTITUTION FOR WOMEN — FRONTERA
[ ] CALIF. MEDICAL FACILITY — VACAVILLE
[ ] CALIF. INSTITUTION FOR MEN — CHINO
[X] OTHER (SPECIFY): San Quentin State Prison

CLERK OF SUPERIOR COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE: [signature] David Swanson
DATE: 05/02/89

THE FOREGOING INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE. ATTEST: AUG 06 1998 ALAN CARLSON Superior Court of the City and County of San Francisco BY DEPUTY CLERK

This form is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code §1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the Judicial Council of California Effective July 1, 1981

ABSTRACT OF JUDGMENT – COMMITMENT

FORM DSL 290

Pen.C. 1213.5

139 J

**ABSTRACT OF JUDGMENT — COMMITMENT**
**ATTACHMENT PAGE**
San Francisco

FORM DSL 290-

JPEF COURT OF CALIFORNIA, COUNTY OF San Francisco
BRANCH

**FILED**
San Francisco County Superior Court

MAY 8 1989

DONALD W. DICKINSON, Clerk

Deputy Clerk

PEOPLE OF THE STATE OF CALIFORNIA  versus  [X] PRESENT
DEFENDANT: JIHAD ABDUL MOHAMMED
AKA: Charles Anderson   [ ] NOT PRESENT

CASE NUMBER(s)
128091 -A
-B
-C
-D BY
-E

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT   [ ] AMENDED ABSTRACT

TE OF HEARING 05 02 89

**DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:**

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTION BY | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | JURY/COURT TRIAL | PLEA | | CONCURRENT | | | | | YEARS | MONTHS |
| 2 | PC | 212.5(b) | Robbery, 2nd deg. | 88 | 04 | 03 | 88 | X | M | | X | | | | | 1 | |
| 8 | PC | 245(a)(1) | Assault w/deadly weapon | 88 | 04 | 03 | 89 | X | M | | X | | | | | 1 | |

TOTAL 2

**ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):**

| JNT | 12022(a) | | | 12022(b) | | | 12022.3(a) | | | 12022.3(b) | | | 12022.5 | | | 12022.6(a) | | | 12022.6(b) | | | 12022.7 | | | 12022.8 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I |

TOTAL 2

ME IMPOSED ON THIS ATTACHMENT PAGE: 2

scribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for deter minate enal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203c. ntencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code nents may be used but must be incorporated by reference.

by the alifornia
1

**ABSTRACT OF JUDGMENT — COMMITMENT**
ATTACHMENT FORM DSL 290-A

CRC ®
Pen. C. 1 213.5.

JOHN K. VAN DE KAMP
Attorney General

State of California
DEPARTMENT OF JUSTICE



1515 K STREET, SUITE 51
SACRAMENTO 95814
(916) 445-1455

P. O. Box 944255
Sacramento 94244-2550

January 28, 1987

Daniel J. McCarthy
Director of Corrections
630 K Street
P.O. Box 714
Sacramento, California  95814

RECEIVED

FEB - 3 1987

DEP. DIRECTOR/LEGAL AFFAIRS
DEPT. OF CORRECTIONS

Re:  Referral to the Attorney General's Office
     of Cases Involving Illegal Sentences

Dear Mr. McCarthy:

For a number of years, the Legal Processing Unit of your
department has referred cases in which trial courts impose
illegal sentences to the Attorney General's Office.
Typically such referrals follow two unsuccessful attempts
to persuade the trial courts to make the appropriate
corrections.

The number of illegal sentences remains unacceptably large.
Accordingly, I have written to the district attorneys of
all counties to remind them of their continuing duty to
ensure that only lawful sentences are imposed.

The primary prosecutorial responsibility for sentencing in
the trial courts lies with the local district attorney
rather than the Attorney General.  Moreover, because they
are party to the original sentencing and are daily before
the courts, deputy district attorneys most efficiently can
obtain correction of errors in sentences.  In the future,
therefore, upon failure of the trial court to respond to
your requests for corrective action, we would ask that your
Legal Processing Unit refer the case to the appropriate
district attorney's office rather than to this office.
Please continue your current practice of notifying the
inmate and defense counsel of any apparent errors in
sentencing.

Thank you.

Very truly yours,

JOHN K. VAN DE KAMP
Attorney General

STEVE WHITE
Chief Assistant Attorney General

SW:gm



STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY

PETE WILSON, Govern

# DEPARTMENT OF CORRECTIONS

Legal Processing Unit
P.O. Box 942883
Sacramento, CA  94283-0001
(916) 323-0772



March 31, 1992

SECOND REQUEST

We have not received an answer to our first letter. In order to process the legal documents on Subject's commitment in a timely manner, we would appreciate a response by the Court as early as possible. Thank you.

5-4-92   [signature]

Date          Corr. Case Records Specialist

Honorable Laurence D. Kay
Judge of the Superior Court
County of San Francisco
850 Bryant Street
San Francisco, CA  94103

Re:  MOHAMMED, Jihad Abdul
CDC No.:  E-16707
Case No.:  128091
Date of Sentence:  May 2, 1989

Dear Judge Kay:

A review of the documents delivered with the above-named inmate indicates the Abstract of Judgment may be in error, or incomplete, for the following reasons:

1.  The Abstract of Judgment reflects a PC 12022.5 enhancement imposed for the term of eight months on Count 22.  However, according to the Information the defendant is charged with use of a deadly weapon, to wit a knife, within the meaning of PC 12022(b).

    Pursuant to the Information and Probation Officer's Report it appears Count's 22, 23 and 24 pertain to the same victim and circumstances, which involved the use of a firearm.  If their is an amended Information, may we please request a copy for our records.

2.  Effective September 26, 1987, PC 12022.5 was amended to reflect subsection (a) and (b).  Please specify the subsection for the PC 12022.5 enhancement's imposed in this commitment.

3.  Counts 7, 11, 28 should be recorded as consecutive one-third non-violent.

Honorable Laurence Ɖ. Kay          -2-             March 30, 1992

---

Please review your file to determine if a correction is required.  We would
appreciate your providing a certified copy of any Minute Order or modified Abstract
of Judgment to this Department.  May we also request the attached copy of this letter
be returned with your response.

Sincerely,

SHERYL MILLER
Correctional Case Records Manager

By:   LISA HOFFMAN
      Correctional Case Records Specialist

cc:   District Attorney
      Public Defender
      Inmate
      C-File

SM:LH:hr

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY                                    PETE WILSON, Governor

## DEPARTMENT OF CORRECTIONS

Legal Processing Unit
P.O. Box 942883
Sacramento, CA 94283-0001
(916) 323-0772


July 20, 1992


District Attorney
Office of the District Attorney
County of San Francisco
880 Bryant Street
San Francisco, CA 94103

Re: MOHAMMED, Jihad Abdul
CDC No.: E-16707
County and Case No.: SF 128091
Date of Sentence: May 2, 1989

Dear District Attorney:

A review of the documents in the above case revealed an error in the sentence
imposed or a discrepancy in the legal documents. Letters dated March 31, 1992
and May 4, 1992 were sent to the Court describing the problem (see attached).
As of this date, we have not received a response from the Court.

In view of the above, this case is being referred for your review and any
action you deem necessary pursuant to instructions from the Attorney General's
Office (see letter from Attorney General's Office to California Department of
Corrections dated January 28, 1987).  Please advise us of any action taken.

Sincerely,

JANET RODRIGUEZ
Correctional Case Records Manager


BY:  LISA HOFFMAN
     Correctional Case Records Specialist

Attachments

cc: Inmate
    C-File

JR:LH:lfd

## ABSTRACT OF JUDGMENT — COMMITMENT

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___San Francisco___
BRANCH ___

**FILED**
San Francisco County Superior Court

MAY 8 1989

DONALD W. DICKINSON, Clerk
BY _Janie L. Lario_ Deputy Clerk

COURT I.D. 3 8

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA versus | [X] PRESENT | CASE NUMBER(S) 128091 - A |
| DEFENDANT:  JIHAD ABDUL MOHAMMED | [ ] NOT PRESENT | - B |
| AKA:   Charles Anderson | | - C |
| COMMITMENT TO STATE PRISON | | - D |
| ABSTRACT OF JUDGMENT | [ ] AMENDED ABSTRACT | - E |

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 05 02 89 | 26 | Laurence D. Kay | David Swanson |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| aurie kennel Warner | J. Dwyer | F. Pinnock Esq. | 295721 |

### 1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. [ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

SENTENCE RELATION

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO / DAY / YR | CONVICTION BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L,M,U) | CONCURRENT | CONSECUTIVE 1/3 NONVIOLENT | CONSECUTIVE FULL VIOLENT | CONSECUTIVE OTHER | COMPLETED SENTENCE 1170.1(a) | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS / MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 03 89 | | X | | M | | | | | | | 5 |
| 1 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 03 88 | | X | | M | X | | | | | | |
| 4 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 03 89 | | X | | M | X | | | | | | 1 |
| 7 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 03 89 | | X | | M | | | | | | | 1 |
| 11 | PC | 212.5(b)** | Robbery, 2nd deg. | 88 | 04 03 89 | | X | | M | X | | | | | | 1 |

### 2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022(a) C/F | S | I | 12022(b) C/F | S | I | 12022.3(a) C/F | S | I | 12022.3(b) C/F | S | I | 12022.5 C/F | S | I | 12022.6(a) C/F | S | I | 12022.6(b) C/F | S | I | 12022.7 C/F | S | I | 12022.8 C/F | S | I | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | | 1 | 1 | | | | | | | | | | | | | | | | | 1 | 1 | | | | | | | 4 |
| 1 | | | | | | | | | | | 1 | 1 | | | | | | | | | | | | | | | | 8 |
| 4 | | | | | | | | | | | 1 | 1 | | | | | | | | | | | | | | | | 8 |
| 22 | | | | | | | | | | | 1 | 1 | | | | | | | | | | | | | | | | 8 |

### 3. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

### 5. A. NUMBER OF PRIOR PRISON TERMS:

| § | C/F |
|---|---|
| 667.5(a) | 0 |
| 667.5(b) | 0 |
| 667.6(b) | 0 |

### 4. OTHER ORDERS:

$700 Restitution fine pursuant to 13967 GC

### B. NUMBER OF PRIOR FELONY CONVICTIONS:

| § | C/F | S | I |
|---|---|---|---|
| 667.6(a) | 0 | | |

### 6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):  2

### 7. TIME STAYED § 1170.1(a) [5-YEAR LIMIT] AND/OR § 1170.1(f) [DOUBLE BASE LIMIT]:

### 8. TOTAL TERM IMPOSED: ——————————————→  15

### 9. EXECUTION OF SENTENCE IMPOSED:

A. [X] AT INITIAL SENTENCING HEARING   B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. [ ] AFTER REVOCATION OF PROBATION   D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT [PC§1170(d)]

| 10. DATE SENTENCE PRONOUNCED MO DAY YEAR | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 05 02 89 | | 404 | INCLUDING: | 269 | 135 | [ ] DMH    [ ] CDC |

### 11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
[ ] INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
[ ] CALIF. INSTITUTION FOR WOMEN—FRONTERA
[ ] CALIF. MEN—VACAVILLE
[X] OTHER (SPECIFY): San Quentin State Prison
[ ] CALIF. MEDICAL FACILITY—VACAVILLE
[ ] CALIF. INSTITUTION MEN — CHINO

### CLERK OF SUPERIOR COURT

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

DEPUTY'S SIGNATURE _David Swanson_

DATE 05/02/89

This form is prescribed pursuant to Penal Code § 1213.5 to satisfy the requirements of Penal Code § 1213 (Abstract of Judgment/Commitment) for determinate sentences under Penal Code § 1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code § 1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the Judicial Council of California Effective July 1, 1981

## ABSTRACT OF JUDGMENT — COMMITMENT

FORM DSL 290

Pen.C. 1213.5.

# ABSTRACT OF JUDGMENT — COMMITMENT
## ATTACHMENT PAGE

FORM DSL 290-A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco

BRANCH _____

COURT I.D.
3 8

**FILED**
San Francisco County Superior Court

MAY 8 1989

DONALD W. DICKINSON, Clerk

_Janie A. Lewis_
Deputy Clerk

PEOPLE OF THE STATE OF CALIFORNIA    versus    [X] PRESENT
DEFENDANT: JIHAD ABDUL MOHAMMED    [ ] NOT PRESENT
AKA: Charles Anderson

CASE NUMBER(S)
128091 -A
-B
-C
-D BY
-E

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT    [ ] AMENDED ABSTRACT

DATE OF HEARING
(MO) (DAY) (YR)
05 | 02 | 89

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:**

SENTENCE RELATION

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTION BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L,M,U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NONVIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE | S+ STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | PC | 212.5(b) | Robbery, 2nd deg. | 88 | 04 | 03 | 88 | | x | | M | | x | | | | | 1 | |
| 28 | PC | 245(a)(1) | Assault w/deadly weapon | 88 | 04 | 03 | 89 | | x | | M | | X | | | | | 1 | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |

TOTAL  2

**2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):**

| COUNT | 12022(a) C/F S I | 12022(b) C/F S I | 12022.3(a) C/F S I | 12022.3(b) C/F S I | 12022.5 C/F S I | 12022.6(a) C/F S I | 12022.6(b) C/F S I | 12022.7 C/F S I | 12022.8 C/F S I | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

TOTAL  2

TIME IMPOSED ON THIS ATTACHMENT PAGE:    2

Prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for determinate Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1 203c. Sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code §___ ments may be used but must be incorporated by reference.

by the California
1

## ABSTRACT OF JUDGMENT — COMMITMENT
### ATTACHMENT FORM DSL 290-A

CRC ®
Pen. C. ১ 213.5.

**E X H A U S T I O N   O F   R E M E D I E S**

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 2 5 2017

CLERK OF THE COURT
BY: _____ ANNABEL COWNAN _____
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**
Department No. 22

| | |
|---|---|
| IN THE MATTER OF<br>THE APPLICATION OF )<br>)<br>)<br>**Jihad MOHAMMED-BEY,** )<br>)<br>Petitioner, )<br>)<br>**FOR WRIT OF HABEAS CORPUS** )<br>) | **WRIT NO.**      7165<br><br>**ORDER** |

The Court has received a petition for writ of habeas corpus.

Jihad Mohammed-Bey ("Petitioner") is presently in custody at San Quentin State Prison. In July, 2006, a San Francisco jury found Petitioner guilty of four counts of second-degree robbery (Pen. Code,[1] § 212.5, subd. (c)). In 1981, 1988, and 1989, Petitioner faced charges for several robberies and entered in a plea agreement. Those prior convictions were used as strikes to enhance his current sentence. Under California's Three Strikes law he received a sentence of 75 years to life, plus 21 years for his crimes. In his petition for writ of habeas corpus, Petitioner asserts that the trial improperly relied on the record of his prior convictions from 1981, 1988, and 1989 to determine they qualified as strikes. He further claims he entered a plea of guilty to the robberies but did not plea guilty to the use of a dangerous weapon or infliction of bodily harm.

---

[1] All further unlabeled statutory references are to the Penal Code.

1

1  However, Petitioner's claims are not supported with evidence. The petition for writ of habeas

2  corpus will thus be DENIED.

3          The burden falls on the petitioner to establish facts to support the order of a writ of

4  habeas corpus. (*In re Cox* 30 Cal.4th at p. 997.) To fulfill this burden, he must establish, by a

5  preponderance of the evidence, facts demonstrating a basis for relief. (*Id.* at p. 998.) "Conclusory

6  allegations made without any explanation of the basis for the allegations do not warrant relief, let

7  alone an evidentiary hearing." (*People v. Karis* (1988) 46 Cal.3d 612, 656.) The petition,

8  therefore, should "state fully and with particularity the facts on which relief is sought" and

9  "include copies of reasonably available documentary evidence supporting the claim, including

10  pertinent portions of trial transcripts and affidavits or declarations." (*People v. Duvall* (1995) 9

11  Cal.4th 464, 474.) In the instant petition, Petitioner asserts he did not enter a plea of guilty to

12  personal use of a deadly weapon or infliction of bodily injury, but fails to attach the hearing

13  transcript or any other evidence of his 1981, 1988, or 1989 guilty pleas to the petition. This Court

14  accordingly has no basis on which to adjudge the claim therein. (*Ex parte Crowley* (1915) 171

15  Cal. 58, 59; *In re Jackson* (1939) 33 Cal.App.2d 724, 724-725.) Denial of the petition is proper.

16  (*Crowley, supra,* 171 Cal. at p. 59; *Jackson, supra,* 33 Cal.App.2d at p. 725.)

17          The petition for writ of habeas corpus will accordingly be DENIED.

18          IT IS SO ORDERED.

19

20  7/25/2017                           [signature]
    Date                               Judge of the Superior Court

21

22

23

24

25


COPY



STATE OF CALIFORNIA
**Court of Appeal**

OFFICE OF THE CLERK
FIRST APPELLATE DISTRICT
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4712

DIANA HERBERT
CLERK/ADMINISTRATOR

TELEPHONE
(415) 865-7200
FAX
(415) 865-7209
E-MAIL
first.district@jud.ca.gov

August 29, 2017

Jeffrey M. Laurence, SAAG
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102

RE:  In re Jihad Mohamed on Habeas Corpus.
     Court of Appeal No. A152202     Division One
     **Informal Opposition Due Date:  September 11, 2017**
     NOTE:  CRC, Rules 8.200(a)(5) and 8.25(b)(3) are not applicable to this proceeding.

Dear Counsel:

     The Court is in receipt of the above-captioned petition for writ of habeas corpus,
which is assigned to Division One.  The Court requests that you serve and file an informal
written response ("response") to the petition on or before the date indicated above.
(California Rules of Court, rule 8.385(b)(1).)  If a response is filed, petitioner may serve and
file a reply brief within eleven (11) days of the date the response is filed.  (California Rules
of Court, rule 8.385(b)(3).)
     All briefs should be served and filed electronically in compliance with Rule 16 of the
Local Rules of the Court of Appeal First Appellate District, which are available on the
Court's website at www.courts.ca.gov/1dca.htm.  However, self-represented parties may file
briefs in paper form.  (See Local Rule 16(l).)
     All parties are directed to include citations and record references in the body of their
briefs and not in footnotes.

     Please direct any questions to Max Alfaro at (415) 865-7290.

                             Very truly yours,
                             DIANA HERBERT
                             CLERK/ADMINISTRATOR

                             By: M. Alfaro, Deputy Clerk

cc:  Superior Court
     Jihad Mohamed

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

Court of Appeal First Appellate District
FILED
SEP 28 2017
Diana Herbert, Clerk
by _______________ Deputy Clerk

In re JIHAD MOHAMED,
on Habeas Corpus.

A152202

(San Francisco County
Super. Ct. No. 196391, 7165)

BY THE COURT:

The petition for writ of habeas corpus is denied. Petitioner fails to show that the petition is timely. (See *In re Robbins* (1998) 18 Cal.4th 770, 780 ["to avoid the bar of untimeliness with respect to each claim, the *petitioner* has the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness."].) Moreover, petitioner fails to support his factual claims with documentary evidence. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

Additionally, the petition fails to state a prima facie case for relief on the merits. (See *Schriro v. Summerlin* (2004) 542 U.S. 348, 353 ["Rules that allocate decision making authority in this fashion are prototypical procedural rules . . . ."]; *People v. Anderson* (2009) 47 Cal.4th 92, 118 [*Schriro* "made it clear that *Apprendi,* and cases following it, did not alter state *substantive* law." (italics added)]; *In re Consiglio* (2005) 128 Cal.App.4th 511, 516 ["Since *Blakely* merely clarified or, at most, extended, the procedural rule announced in *Apprendi*—a rule that is not retroactive to final cases, therefore *Blakely* similarly does not apply retroactively to cases, like Consiglio's, that are already final."]; *People v. Amons* (2005) 125 Cal.App.4th 855, 863-867 [*Blakely's*

holding announced procedural rule and is not retroactive to convictions already final on direct review].)

---

Date: ___SEP **2 8** 2017___                    DONDERO, J.

_____ Acting P.J.

Before:  Dondero, Acting P.J., and Banke, J.

233

SUPREME COURT
# FILED

APR 2 5 2018

**Jorge Navarrete Clerk**

S246873

_____

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re JIHAD MOHAMMED-BEY on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.   (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence].)

CANTIL-SAKAUYE

_____

*Chief Justice*

Jihad Mohammed-Bey
E-16707   4-W-85-Up
San Quentin, CA 94974


L E G A L   M A I L
" C O N F I D E N T I A L "


UNITED STAT
NORTHERN DI
450 GOLDEN
SAN FRANCIS

NORTHERN DISTRICT OF CALIFORNIA
CLERK U.S. DISTRICT COURT
SUSAN Y. SOONG

AUG 2 9 2018

RECEIVED



U.S. POSTAGE >> PITNEY BOWES

ZIP 94964 $ 002.05⁰
02 1W
0001397520 AUG 24 2018

INSPECTED BY

AUG 2 9 2018

U.S. MARSHAL

STRICT COURT
T OF CALIFORNIA
AVE.
A 94102-3483

08/23/18