UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIHAD MOHAMMED-BEY,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS,<br><br>    Respondent. | Case No. 18-cv-05448-VC  (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Jihad Mohammed-Bey, a state inmate, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the trial court's use of his prior convictions as strikes for sentencing in July 2006. The respondent moves to dismiss as a second or successive petition.

Mohammed-Bey filed a previous habeas petition in this court challenging the same 2006 conviction, *Muhammad-Bey v. Haviland*, C-10-667 TEH (PR). *See* Case No. 10-667 TEH (PR), ECF No. 1. The petition was denied on August 6, 2012 and judgment was entered on the same day. *See id.* ECF Nos. 16, 17. On December 3, 2013, the Ninth Circuit denied Mohammed-Bey's request for a certificate of appealability. *See id.* ECF No. 30.

A successive petition may not be filed in this court unless Mohammed-Bey first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Mohammed-Bey has not obtained such an order from the Ninth Circuit.

Citing *Clayton v. Biter*, 868 F.3d 840 (9th Cir. 0217), Mohammed-Bey argues that his petition is not a successive petition because "a resentencing petition under [California Penal Code] section 1170.126 does not challenge the underlying conviction of sentence." Opp. at 2.

*Clayton* held that a second petition challenging a new or intervening judgment is not a second or successive petition under § 2244(b). *Id.* at 843-44. The Ninth Circuit looked to California law to determine what constitutes a new and intervening judgment. *Id.* at 844. In California, a petition for resentencing seeking to obtain the benefits of Proposition 36, which allows defendants with a non-serious and non-violent third strike to petition for resentencing, is not a petition challenging the underlying conviction and, therefore, such a petition is not a successive petition under § 2244(b). *Id.*

As the respondent points out, Mohammed-Bey's petition does not seek a reduction under Proposition 36. Rather, it challenges his underlying conviction by citing Supreme Court cases that allegedly invalidate the use of his priors as strikes. Because there is no intervening judgment, Mohammed-Bey's petition is a successive petition. *See Davis v. Sullivan*, 2018 U.S. App. LEXIS 19388, *1 (9th Cir. 2018) (denying application to file successive petition, stating petitioner's reliance on *Clayton v. Biter* misplaced because petition challenges the original judgment of conviction, not an order resolving a resentencing petition).

Therefore, the petition is DISMISSED without prejudice to refiling if Mohammed-Bey obtains the necessary order from the Ninth Circuit.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The clerk shall close the file and enter judgment in accordance with this order.

**IT IS SO ORDERED.**

Dated: August 1, 2019

VINCE CHHABRIA
United States District Judge